## ZIFFRIN, INCORPORATED, v. UNITED STATES ET AL.

No. 245. Argued December 16, 1942.—Decided February 1, 1943.

Mr. *Ira Howell Ellis,* with whom *Mr. John S. Powell* was on the brief, for appellant.

Mr. *Daniel H. Kunkel,* with whom *Solicitor General Fahy, Assistant Attorney General Arnold,* and *Messrs. Robert L. Pierce, Edward Dumbauld,* and *Daniel W. Knowlton* were on the brief, for appellees.

MR. JUSTICE REED delivered the opinion of the Court.

This appeal brings here for review a judgment of a statutory three judge court denying a petition for an interlocutory and a final injunction setting aside and annulling an order of the Interstate Commerce Commission.[1] The order attacked denied an application of appellant, an Indiana corporation, filed February 4, 1936, for a permit to continue designated contract carrier operations under the grandfather clause of § 209 (a) of the Interstate Commerce Act.

The denial of the application by the Commission on May 29, 1941, 28 M. C. C. 683, was on the ground that applicant and Ziffrin Truck Lines, Inc., a certificated com-

---

[1] Urgent Deficiencies Act, 38 Stat. 208, 220, 28 U. S. C. §§ 47, 47 (a); Judicial Code § 238, 43 Stat. 936, 938, 28 U. S. C. § 345; § 205 (h) Interstate Commerce Act, Part II, 49 Stat. 543, 550, 49 U. S. C. § 305 (h).

mon carrier by motor vehicle, were owned, controlled and managed in a common interest and that under § 210 of the Interstate Commerce Act, Part II, it would not be consistent with the public interest and the national transportation policy to grant the application.

Section 210 of the Motor Carrier Act was amended between the filing of the application and the entry of the order denying it. The two forms of § 210 appear in the note below.[2]

---

[2] Section 210 (49 Stat. 554), as originally enacted in the Motor Carrier Act, 1935, provided:

"No person, after January 1, 1936, shall at the same time hold under this part a certificate as a common carrier and a permit as a contract carrier authorizing operation for the transportation of property by motor vehicle over the same route or within the same territory, unless for good cause shown the Commission shall find that such certificate and permit may be held consistently with the public interest and with the policy declared in section 202 (a) of this part."

Section 210, as amended (49 U. S. C. 310) by § 21 (a) of the Transportation Act of 1940 provides:

"Unless, for good cause shown, the Commission shall find, or shall have found, that both a certificate and a permit may be so held consistently with the public interest and with the national transportation policy declared in this Act—

"(1) no person, or any person controlling, controlled by, or under common control with such person, shall hold a certificate as a common carrier authorizing operation for the transportation of property by motor vehicle over a route or within a territory, if such person, or any such controlling person, controlled person, or person under common control, holds a permit as a contract carrier authorizing operation for the transportation of property by motor vehicle over the same route or within the same territory; and

"(2) no person, or any person controlling, controlled by, or under common control with such person, shall hold a permit as a contract carrier authorizing operation for the transportation of property by motor vehicle over a route or within a territory, if such person, or any such controlling person, controlled person, or person under common control, holds a certificate as a common carrier authorizing operation for the transportation of property by motor vehicle over the same route or within the same territory."

It is appellant's contention that whatever may have been the effect of the earlier form, with the passage of the amendment after the hearing the applicant should now have an opportunity to show the absence of common control of it and Ziffrin Truck Lines, Incorporated. As § 210 stood when appellant requested its permit and at the hearing, a certificate as a common carrier and a permit as a contract carrier were not to be held by the same person without special finding of consistency with the public interest by the Commission. The amendment provided that without a similar special finding no person should hold a contract carrier permit who was under common control with a person holding a common carrier certificate. Person, of course, included a corporation. 49 U. S. C. 303 (a) (1).

Obviously the fear of possible evasion led to the change in language. Indeed, the Commission had disregarded the corporate fiction and interpreted the earlier form as covering persons under common control.[3] This was called to applicant's attention by an order of June 23, 1938, setting the date for hearing the application.[4] The interpretation was discussed in the examiner's report, in the Com-

---

[3] In re New York & New Brunswick Auto Exp. Co., Inc., Common Carrier Application, 23 M. C. C. 663, 671. Cf. In re Bigley Brothers, Inc., Contract Carrier Application, 4 M. C. C. 711; Universal Service, Inc.,—Purchase—W. R. Arthur & Co., Inc., 15 M. C. C. 247.

[4] The order read in part as follows:

"Notice is hereby given that although application herein is for a certificate or permit on Form BMC 1, the applicant must establish also the corporate relationship existing between the applicant herein mentioned and the Ziffrin Truck Lines, Inc., (No. MC 2510) and if said applicant and the Ziffrin Truck Lines, Inc., are found to be affiliated within the meaning of Section 5 (6) of Part I, applicant must also establish that a permit may be held by applicant consistently with the public interest and with the policy declared in Section 202 (a) of the Motor Carrier Act, 1935, within the meaning and contemplation of Section 210 of said Motor Carrier Act, 1935."

mission's report, and applied, adversely to appellant, by the findings. 28 M. C. C. 683, 692–99.

When the Transportation Act of 1940 was before the Senate, the draftsmen added a sentence to the earlier form of § 210, reading as follows: "This section shall apply to dual operations by affiliated carriers." When the bill, S. 2009, in the two forms in which it was enacted in the Senate and the House of Representatives, was examined by the Interstate Commerce Commission, the Chairman of its legislative committee transmitted a report on the provisions of the bill to the Chairman of the Senate Interstate Commerce Committee and the Chairman of the House Committee on Interstate and Foreign Commerce.[5] In the report (at page 62) this comment was made as to the present § 210:

"Desirable.—(a) After the new section 22 which we have proposed above, add a new section 23 (with appropriate renumbering of subsequent sections) reading as follows:

'SEC. 23. Section 210 of the Interstate Commerce Act, as amended, is amended by adding at the end thereof the following new sentence: "This section shall apply to dual operations by affiliated carriers." '

This sentence has been introduced at the end of section 45 of the Senate bill, and it has our approval. The Commission has construed section 210 of part II to have such an application, but it is desirable to remove all doubt on the point."

At the conference of the committee for the two Houses of Congress, the form of § 210 was changed to the present reading. The report contains this explanation:[6]

---

[5] Omnibus Transportation Legislation, House Committee Print, 76th Cong., 2d Sess.

[6] H. Rep. No. 2832, 76th Cong., 3d Sess., p. 78.

"Section 21 (a). Dual Operations Under Certificates and Permits, Motor Carriers.

"The conference substitute in section 21 (a) amends section 210 of the Interstate Commerce Act which prohibits a person from holding at the same time both a certificate as a common carrier of property by motor vehicle and a permit as a contract carrier of property by motor vehicle over the same route or within the same territory, unless for good cause shown the Commission shall find that both forms of operating authority may be held consistent with the public interest and with the policy declared in part II, so that the section will apply not only to a particular motor carrier but also to any person controlling, controlled by, or under common control with, such person."

It is unnecessary, however, to decide whether the Commission correctly applied § 210 as originally enacted to such common control as the Commission found in appellant and Ziffrin Truck Lines, Inc. We are convinced that the Commission was required to act under the law as it existed when its order of May 29, 1941, was entered. The permit was effective for the future and the amendment forbade persons under common control holding both a permit and a certificate. Previously appellant had been operating under an ex parte permit. Protests to the grant had been made on account of the dual operation, the formal hearing was held and the question raised by these protests was heard at length. A change in the law between a nisi prius and an appellate decision requires the appellate court to apply the changed law. *Vandenbark* v. *Owens-Illinois Glass Co.,* 311 U. S. 538, and cases cited. Cf. *Duplex Printing Press Co.* v. *Deering,* 254 U. S. 443, 464. *A fortiori,* a change of law pending an administrative hearing must be followed in relation to permits for future acts. Otherwise the administrative body would issue orders contrary to the existing legislation.

We find no basis for appellant's contention that it was given improper notice of the hearing and denied an opportunity to show compliance with the amended section. The steps of notice and hearing detailed above demonstrate the error of the former contention. As to the latter, it is met completely by the report and order of the Commission, made while this suit was pending in the District Court, and denying appellant's motion for reconsideration of the order of May 29, 1941. Ziffrin, Incorporated, Contract Carrier Application, 33 M. C. C. 155. This opinion was called to our attention by the Government in brief and argument. In the circumstances, we will not disregard it. The Commission there said, p. 156:

"At the conclusion of the trial on applicant's suit before the three-judge court, a conference was held between the counsel for all the parties to the suit in the court's chambers. It was there suggested by the court that applicant submit to this Commission some method for divorcing applicant herein from Ziffrin Truck Lines, Inc., which might eliminate the conflict with section 210 of the act on which the denial of the application was grounded. Pursuant to this suggestion, applicant has filed a petition seeking reopening and reconsideration of the proceeding, and, as a basis therefor, proposes a plan for elimination of the common control of applicant and Ziffrin Truck Lines, Inc. The petition is opposed by an association of motor common carriers. It is understood that the filing of this petition and action by us thereon does not terminate the court proceeding. Pending our action on the petition, however, the entry of judgment by the court is being held in abeyance. In view of the pendency of the litigation, we believe that a statement of the reasons for our action with respect to this petition will be helpful."

The Commission then restated the evidence showing common control of the two corporations and concluded that the plan proposed would not change the situation.

See 33 M. C. C. 155; 28 M. C. C. 683, 692 *et seq.* The evidence is ample to support the conclusion of the Commission entered at the earlier hearing. This is sufficient to support the order upon judicial review. *Shields* v. *Utah Idaho Central R. Co.,* 305 U. S. 177, 185; *United States* v. *Maher,* 307 U. S. 148, 155.

*Affirmed.*