**PORTLAND TUG & BARGE CO. v. UNITED STATES et al.**

No. 2348.

District Court, D. Oregon.

June 9, 1944.

Donald A. Schafer, of Portland, Or., for plaintiff.

Robert L. Pierce, Sp. Asst. to the Atty. Gen., Wendell Berge, Asst. Atty. Gen., and Carl C. Donaugh, U. S. Atty., of Portland, Or., for the United States.

Allen Crenshaw, of Washington, D. C., for Interstate Commerce Commission.

Before WILBUR, Circuit Judge, and FEE and McCOLLOCH, District Judges.

McCOLLOCH, District Judge.

Plaintiff, owner of seven tug boats and twenty-one barges, has been engaged in the business of general towage and renting of barges on certain portions of the Columbia River and its tributaries. It applied for grandfather rights under Part III of the Interstate Commerce Commission Act. The Commission granted plaintiff a certificate of convenience and necessity for towage as a common carrier, but restricted rental of barges to other carriers. General rental of barges had been a substantial part of plaintiff's business.

The applicable statutes are 49 U.S.C.A. § 910[1] and 49 U.S.C.A. § 902(e).[2] The first provides that a person or corporation may not at the same time operate as a contract and common carrier, except on special finding of the Commission (not made in this case), and the second provides that one renting barges indiscriminately shall be deemed to be a contract carrier for the purposes of the Act.

Plaintiff points out that the statute regulating water carriers is patterned after the Motor Carrier Act, 49 U.S.C.A. §§ 301–327, and plaintiff contends that an unfair and unreasonable result follows from applying the statute to plaintiff's business.

Plaintiff says the statute "so construed" is unreasonable to the point of being unconstitutional.

But no question of construction is involved. The statute says that a tow boat operator operating as a common carrier may not at the same time rent barges indiscriminately—except when specially permitted—and special permit has been denied plaintiff. We cannot say that this condition legislatively imposed on the right to operate as a common carrier is unreasonable, and plaintiff's counsel, as he frankly tells us, has been unable to find authority that supports his contention.

For illustration of its claim that the statute reaches an unreasonable result as applied to plaintiff's business, plaintiff urges that while it cannot hereafter rent barges to its former customers (other than carriers), the contract carriers to whom it rents can sublet to plaintiff's customers as well as to others. We do not know that this is so. If so, the question presented can be met when it arises. In the meantime, we hold that the legislative divorcement of general barge rental from common carriage towing is not an unconstitutional requirement. Compare Ziffrin, Inc., v. United States, 318 U.S. 73, 63 S. Ct. 465, 87 L.Ed. 621; Cornell Steamboat Co. v. United States, 64 S.Ct. 768.

The action is therefore dismissed.

---

[1] "Unless, for good cause shown, the Commission shall find, or shall have found, that both a certificate and a permit may be so held consistently with the public interest and with the national transportation policy declared in the Interstate Commerce Act—

"(1) no person, or any person controlling, controlled by, or under common control with such person, shall hold a certificate as a common carrier by water if such person, or any such controlling person, controlled person, or person under common control, holds a permit as a contract carrier by water; and

"(2) no person, or any person controlling, controlled by, or under common control with such person, shall hold a permit as a contract carrier by water if such person, or any such controlling person, controlled person, or person under common control, holds a certificate as a common carrier by water."

[2] " * * * The furnishing for compensation (under a charter, lease, or other agreement) of a vessel, to a person other than a carrier subject to this chapter and chapters 1 and 8 of this title, to be used by the person to whom such vessel is furnished in the transportation of its own property, shall be considered to constitute, as to the vessel so furnished, engaging in transportation for compensation by the person furnishing such vessel, within the meaning of the foregoing definition of 'contract carrier by water.' * * *"