**Demetrios FASSILIS, Plaintiff,**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service, Defendant.**

United States District Court
S. D. New York.

March 2, 1961.

Fried & Mailman, New York City, for plaintiff; Elmer Fried, New York City, of counsel.

Morton S. Robson, U. S. Atty. for the Southern District of New York, New York City, for defendant; Roy Babitt, Special Asst. U. S. Atty., New York City, of counsel.

DAWSON, District Judge.

This is a motion, in behalf of the defendant, for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C., on the ground that there is no genuine issue as to any material fact. Defendant also moves, under Rule 30(b) of the Rules of Civil Procedure, to vacate the plaintiff's notice to take the deposition of the defendant.

This action was commenced on October 24, 1960, under Section 10 of the Administrative Procedure Act (5 U.S.C.A. § 1009) and Section 279 of the Immigration and Nationality Act (8 U.S.C.A. § 1329), to review the decision of the Attorney General denying the plaintiff's application under Section 245 of the Immigration and Nationality Act (8 U.S.C.A. § 1255) for an adjustment of his immigration status to that of an alien lawfully admitted to the United States for permanent residence. The plaintiff seeks a judgment under the Declaratory Judgments Act (28 U.S.C. § 2201) declaring the Attorney General's decision to be invalid.

It appears from the papers submitted on the motion that the following material facts exist without substantial controversy:

1. The plaintiff is an alien, a native and citizen of Greece.

2. The plaintiff last entered the United States on or about January 29, 1960 as a crewman.

3. On February 15, 1960 the plaintiff filed with the Immigration Service an application under Section 245 of the Immigration and Nationality Act (8 U.S. C.A § 1255) for adjustment of his immigration status to that of an alien lawfully admitted to the United States for permanent residence.

4. On March 29, 1960 plaintiff was interrogated by a Special Inquiry Officer of the Immigration and Naturalization Service.

5. Plaintiff was shown the record of his statements of March 29, 1960 before the Special Inquiry Officer and stated, under oath, that all of the statements made were true and correct.

6. On June 2, 1960 the defendant denied plaintiff's application for an adjustment of his status under Section 245 of the Immigration and Nationality Act on the ground that he was not eligible for such relief, being a crewman who was not a *bona fide* non-immigrant and not such a case as to warrant favorable discretionary action as provided by Section 245 of the act.

7. On February 15, 1960 and on June 2, 1960, Section 245(a) of the Immigration and Nationality Act (72 Stat. 699, Act Aug. 21, 1958) provided:

"The status of an alien who was admitted to the United States as a bona fide nonimmigrant may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, (3) an immigrant visa was immediately available to him at the time of his application, and (4) an immigrant visa is immediately available to him at the time his application is ap-

proved. A quota immigrant visa shall be considered immediately available for the purposes of this subsection only if the portion of the quota to which the alien is chargeable is under-subscribed by the applicants registered on a consular waiting list."

8. On August 23, 1960 the Regional Commissioner, Northeast Region, of the Immigration and Naturalization Service, the Attorney General's delegate, affirmed the defendant's decision denying plaintiff's application for adjustment of status under Section 245 of the Immigration and Nationality Act, on the discretionary authority granted to him under the act. No dispute exists as to the lawful delegation of the powers of the Attorney General to the District Director and the Regional Commissioner of the Immigration and Naturalization Service.

Plaintiff stated, at an examination conducted by an Immigration Officer, that five days after he landed in New York he married an American citizen. He testified that he met his wife in 1958 and saw her when his ship was in the United States. He indicated that he was desirous of giving up his work as a seaman.

An inspection of the record reveals that the District Director denied plaintiff's petition, finding that he was not a *bona fide* non-immigrant as required by the statute and by virtue of the discretionary authority granted to him by Section 245(a). The Regional Commissioner affirmed this determination on August 23, 1960, stating:

"The entire record including counsel's appeal briefs have been carefully considered. The record is clear that the alien was last admitted as a crewman to reship foreign within 29 days. His subsequent actions of almost immediate marriage and submission of the instant application are indicative of a preconceived intent to seek permanent residence through adjustment of status. He has testified that he did not intend

to continue sailing after his marriage. In view of the above facts the application is denied as a matter of discretion."

██ The plaintiff alleges in his complaint that the decision is "arbitrary and capricious" and represents an "abuse of discretion." Plaintiff also objects to the procedures followed by the Service. The Court finds no support in the record for either of these contentions. Where, as here, the statute granted to the Attorney General discretionary power in passing on these petitions, a reviewing court is severely limited in its examination of the exercise of that discretion.

In the case of Rizzi v. Murff, D.C.S.D. N.Y., 171 F.Supp. 362, 367, Judge Bryan stated:

"* * * Judicial review of administrative action in immigration matters taken by the Attorney General in the exercise of discretionary power 'if available at all, is narrowly restricted in scope.' United States ex rel. Weddeke v. Watkins, 2 Cir., 166 F.2d 369, 393, certiorari denied 333 U.S. 876, 68 S.Ct. 904, 92 L.Ed. 1152. It is well-settled that such a decision is final and unreviewable except for abuse of discretion. [Citing cases]."

A more restrictive position is taken in one of the few cases dealing with Section 245. Judge Wortendyke of the District Court for the District of New Jersey, held that the exercise of discretion, here involved, was not judicially reviewable:

"The statutory language construed in the foregoing cases, as compared with that of section 245, as amended by the act of August 21, 1958, and the legislative history of the latter amendatory enactment impels me to the conclusion that the decision of the Attorney General's duly delegated representatives upon an application for adjustment of status under the section referred to is purely discretionary, and therefore not judicially reviewable. * * *" Angelis v. Bouchard, D.C., 181 F.Supp. 551, at page 557.

Whether even a limited judicial review is available in this type of case is academic, since we hold that in any event no abuse of discretion has been shown.

It was perfectly reasonable to conclude, as did the District Director and the Regional Commissioner, that plaintiff's marriage and application under Section 245, coming so soon after his arrival here, together with his intention to leave work as a crewman, are facts indicative of a preconceived intent on his part to seek permanent residence through adjustment of status. On these facts the decision of the District Director represented a reasonable exercise of his statutory discretion. That the same set of facts might lead another to a conclusion more favorable to plaintiff's motives is not enough to have this Court label the Director's determination as arbitrary.

██ While the District Director's determination did not constitute any abuse of his discretion, there is another ground upon which we can dispose of this motion. On July 14, 1960, subsequent to the District Director's rejection of plaintiff's application, but prior to the Regional Commissioner's affirmance of the determination, Section 245 was amended by Public Law 86–648 (74 Stat. 504) specifically excluding the applicability of Section 245 to a "crewman." *

In the case of Ziffrin, Inc. v. United States, 318 U.S. 73, 78, 63 S.Ct. 465, 469, 87 L.Ed. 621, the Court held that the Interstate Commerce Commission was re-

---

* "(a) The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved."

quired to act under the law as it existed at the time of the Commission's decision, rather than under an earlier law in effect when an applicant filed for a permit to continue contract carrier operations.

"* * * A change in the law between a nisi prius and an appellate decision requires the appellate court to apply the changed law. Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327, and cases cited. Cf. Duplex Printing Press Co. v. Deering, 254 U.S. 443, 464, 41 S.Ct. 172, 175, 65 L.Ed. 349, 16 A.L.R. 196. *A fortiori*, a change of law pending an administrative hearing must be followed in relation to permits for future acts. Otherwise the administrative body would issue orders contrary to the existing legislation."

No dispute exists as to the fact that plaintiff was a "crewman." The amended law took effect while the matter was still being processed administratively. It is also clear that plaintiff's application for change of status would affect his future rights. For these reasons we hold that the Ziffrin case is controlling herein. It follows therefore that the denial of plaintiff's application was compelled by the amended statute.

The defendant's motion for summary judgment is granted.

The Government has moved under Rule 30(b) to vacate the notice to take the defendant's deposition, along with several of his subordinates. In the case of Air Line Pilots Association, International v. Quesada, 286 F.2d 319, 320 the Second Circuit decided per curiam, on February 9, 1961, that the trial judge was within his right to grant summary judgment after staying the taking of defendant's deposition. The court cited United States v. Morgan, 1941, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429, which case is also applicable here. The opinion added:

"The record reveals no disputed issues of fact that could have affected the outcome of the case."

In the case before us, since we have held that the law compelled the denial of plaintiff's application for adjustment of status, the taking of the defendant's deposition would not affect the outcome of the case.

Defendant's motion to vacate the notice of deposition is therefore granted. Submit order.