Eugene CONNOR et al., Appellants,

v.

The NEW YORK TIMES COMPANY, Appellee.

No. 19781.

United States Court of Appeals Fifth Circuit.

Nov. 16, 1962.

134

James A. Simpson, Francis H. Hare, James E. Simpson, Crampton Harris, Birmingham, Ala., Hare, Wynn & Newell, and Lange, Simpson, Robinson & Somerville, Birmingham, Ala., of counsel, for appellants.

T. Eric Embry, Birmingham, Ala., Thomas F. Daly, New York City, Beddow, Embry & Beddow, Birmingham, Ala., Lord, Day & Lord, New York City, Herbert Wechsler, Saul L. Sherman, Emery W. Harper, New York City, of counsel, for appellee.

Before RIVES, JONES and BELL, Circuit Judges.

RIVES, Circuit Judge.

On an interlocutory appeal from orders denying motions to quash service of process in Alabama, we ruled: "The judgment of the trial court must be reversed and the cases remanded with directions to enter a judgment for the defendants on the motions to quash the service of process." New York Times Company v. Conner, 5 Cir., 1961, 291 F. 2d 492, 496.

In obedience to the mandate, the district court sustained the defendants' motion to quash service. The court continued the defendants' motions to dismiss the actions in order that plaintiffs might amend their complaints and seek further service. The court thereafter permitted the plaintiffs to strike the individual defendant, Harrison E. Salisbury. It disallowed amendments to the complaints by which the plaintiffs sought to allege distribution and publication of the alleged libel in Alabama by reason of the circulation of approximately 350 copies of the article in Alabama, to limit the claim to damages occurring in Alabama as a result of such alleged publication, and to reduce the demand for damages from $500,000.00 to $400,-000.00, when the plaintiffs declined to amend further, the court dismissed the actions. Notices of appeal were filed on April 11, 1962.

Thereafter, on August 30, 1962, the Supreme Court of Alabama decided the appeal of New York Times Company v. Sullivan, Ala.1962, 144 So.2d 25, in which it specifically disapproved the views expressed by this Court in New York Times Company v. Conner, supra (144 So.2d at 51). In its opinion in that case, the Supreme Court of Alabama spoke as follows, directly contrary to the earlier opinion of this Court:

"It is clear under our decisions that when a nonresident prints a libel beyond the boundaries of the State, and distributes and publishes the libel in Alabama, a cause of action arises in Alabama, as well as in the State of the printing or publishing of the libel. * * *

"The scope of substituted service is as broad as the permissible limits of due process." 144 So.2d at 34.

■ Federal jurisdiction in these cases is based on diversity of citizenship. It is the duty of the federal courts to apply the state law as declared by the highest state court. Erie R. Co. v. Tomp-

kins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The previous decision of this Court on interlocutory appeal is not binding either as the law of the case or as res judicata, both because it was not a final judgment and because there has been an intervening decision of the Supreme Court of Alabama creating an altered situation. Muchard v. Berenson, 5 Cir., 307 F.2d 368; Commerce Oil Refining Corporation v. Miner, 1 Cir., 1962, 303 F.2d 125, 128.

As said in Vandenbark v. Owens-Illinois Co., 1941, 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327, " * * * the dominant principle is that nisi prius and appellate tribunals alike should conform their orders to the state law as of the time of the entry." Again in Ziffrin, Inc. v. United States, 1943, 318 U.S. 73, 78, 63 S.Ct. 465, 468, 87 L.Ed. 621, the Court said: "A change in the law between a nisi prius and an appellate decision requires the appellate court to apply the changed law." Professor Moore states the rule as follows: "And so long as the case is *sub judice* a federal court must apply a new and supervening rule of state law to the decision of non-federal issues * * *." 1A Moore's Federal Practice, 2nd ed., p. 4238, para. 0.404 (10).

The appellee insists that the application of Title 7, Section 199(1), Code of Alabama of 1940, to confer jurisdiction over it in this case would be unconstitutional. Grave constitutional questions should not, however, be passed on on motions to dismiss when "there is a reasonable likelihood that the production of evidence will make the answer to the questions clearer." Borden's Farm Products Co. v. Baldwin, 1934, 293 U.S. 194, 213, 55 S.Ct. 187, 193, 79 L.Ed. 281; Polk Co. v. Glover, 1938, 305 U.S. 5, 10, 59 S.Ct. 15, 83 L.Ed. 6; United States v. Petrillo, 1947, 332 U.S. 1, 6, 67 S.Ct. 1538, 91 L.Ed. 1877. We conclude that the constitutional questions can best be decided upon a full record after a trial on the merits, and forego any ruling on them at this preliminary stage.

The judgment of the district court is accordingly vacated and the cause remanded with directions this time in accord with the opinion of the Supreme Court of Alabama in New York Times Co. v. Sullivan, supra, to deny the motions to quash service of process and the motions to dismiss.

Vacated and remanded.