**Irvin FILLINGER et al.,
Plaintiffs-Appellants,**

v.

**The CLEVELAND SOCIETY FOR THE BLIND et al., Defendants-Appellees.**

**No. 76–1866.**

United States Court of Appeals,
Sixth Circuit.

Argued April 6, 1978.

Decided Nov. 28, 1978.

Rehearing Denied Jan. 18, 1979.

Steven A. Sindell, Sindell, Lowe & Guidubaldi, Cleveland, Ohio, for appellant.

William H. Wallace, Thompson, Hine & Flory, Cleveland, Ohio, for Cleveland Society and Dolan.

James T. Crowley, Cleveland, Ohio, William J. Brown, Atty. Gen. of Ohio, Rodney B. Teague, Asst. Atty. Gen., Columbus, Ohio, for Rehabilitation Service.

Before CELEBREZZE, ENGEL and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

Plaintiffs are blind persons who operate vending stands in Cleveland, Ohio, under the management of the Cleveland Society for the Blind. In 1971 the blind vendors filed suit against the Society, Cleo Dolan, its executive director, and the Ohio Rehabilitation Services Commission which supervises in Ohio a vending stand program established pursuant to federal law, the Randolph-Sheppard Act, Title 20, Chapter 6A, United States Code (1976). Under the Act, the State Commission delegated to the Society authority to supervise and manage the blind vendor program in Cleveland.

The plaintiffs allege numerous abuses in the operation of the program. The gist of their suit is that for many years the Cleveland Society for the Blind, acting without the consent of the blind vendors, has collected a higher percentage of gross sales than is "reasonable" under the Act and has spent these funds for unauthorized purposes. Alleging that the Randolph-Sheppard Act gives them a private right of action against the defendants for the purposes of enforcing the Act, plaintiffs are essentially trying to recover from the state agency and the Society all money collected by the Society and used for purposes not authorized by the Act and not agreed to by the vendors.

The vendors also make two other claims. Alleging a cause of action under 42 U.S.C. § 1983, plaintiffs state that various dress and conduct rules written and enforced by the Society are neither authorized by the Act nor constitutional. They also claim that the Society has received rebates from manufacturers on merchandise which the Society buys and supplies to the vendors and that the plaintiffs—rather than the Society—are entitled to these rebates. In addition to compensatory damages for the plaintiffs and "all other persons similarly situated," the complaint seeks a complete accounting by the defendants of all money collected from the plaintiffs, and declaratory and injunctive relief in regard to the Society's rules of conduct.

Holding that the Act does not directly or implicitly confer upon the plaintiffs a private right of action, the District Court dismissed plaintiffs' claims brought under the Act. The District Court dismissed plaintiffs' other claims for failure to state a claim. We reverse and remand for the reasons which follow.

After this suit was filed and while it was pending, Congress in 1974 amended the Randolph-Sheppard Act to provide that an aggrieved blind vendor may request a "full evidentiary hearing" before the state agency which supervises the program, 20 U.S.C. § 107d–1(a), and, if still dissatisfied "may file a complaint with the Secretary [of HEW] who shall convene a panel to arbitrate the dispute" in accordance with detailed standards outlined in the 1974 amendments. *See* 20 U.S.C. §§ 107d–1, 107d–2. The 1974 amendments authorize the parties to obtain judicial review of the

decision of the arbitrators under the Administrative Procedure Act, Title 5, Ch. 7, United States Code.

Congress' decision to provide administrative and arbitration remedies for aggrieved blind vendors clearly evidences a policy judgment that the federal courts should not be the tribunal of first resort for the resolution of such grievances. Rather congressional policy as reflected in the 1974 amendments is that blind vendors must exhaust their administrative and arbitration remedies before seeking review in the district courts.

Even though this suit was originally filed in district court prior to enactment of the 1974 amendments, we think that the provisions requiring exhaustion of administrative and arbitration remedies should apply. The general rule "is that an appellate court must apply the law in effect at the time it renders its decision." *Thorpe v. Housing Authority*, 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1968). "A change in the law between a nisi prius and an appellate decision requires the appellate court to apply the changed law." *Ziffrin, Inc. v. United States*, 318 U.S. 73, 78, 63 S.Ct. 465, 469, 87 L.Ed. 621 (1943). For a closely analogous case, see Justice Holmes' opinion in *Hallowell v. Commons*, 239 U.S. 506, 36 S.Ct. 202, 60 L.Ed. 409 (1915).

In view of the substantial time period which elapsed from the time this case was originally filed in the district court until a decision was made by the district court dismissing the complaint for failure to state a cause of action, and in light of the intervening 1974 amendments to the Randolph-Sheppard Act, we believe that the fairest disposition of the case on appeal is to reverse the final order of the district court dismissing the complaint and remand the case to the district court with instructions to retain jurisdiction of the case and to stay all further proceedings until plaintiffs have had an opportunity to exhaust their administrative and arbitration remedies. After such remedies are exhausted, any party aggrieved by the arbitrator's decision may petition the district court under the Administrative Procedure Act for review. Accordingly, it is so ORDERED.