**MASSACHUSETTS ELECTED COMMITTEE OF BLIND VENDORS et al., Plaintiffs,**

v.

**Marie A. MATAVA, As Commissioner of the Massachusetts Commission for the Blind, Defendant.**

**Civ. A. No. 79–1441–C.**

United States District Court, D. Massachusetts.

Jan. 22, 1980.

Bruce D. Sunstein, Boston, Mass., for plaintiffs.

E. Michael Sloman, Asst. Atty. Gen., Government Bureau, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which plaintiffs, the Massachusetts Elected Committee of Blind Vendors and four individual vendors, seek to enforce the right of blind vendors to participate in major administrative decisions affecting the vending facilities programs operated by the Massachusetts Commission for the Blind, in accordance with the Randolph-Sheppard Act, 20 U.S.C.A.

§§ 107 *et seq.* The plaintiffs contend that several recent decisions of the defendant Commission have been made in contravention of the participatory right guaranteed by 20 U.S.C.A. § 107b–1(3)(A) and in violation of the due process clause of the Fourteenth Amendment. Specifically, the plaintiffs challenge the Commissioner's decisions in four areas: (1) the nomination process for the biennial election of the Massachusetts Elected Committee of Blind Vendors; (2) the adjustment of agency personnel responsible for the management of the vending facilities program; (3) the establishment of the annual budget of the program; and (4) the adoption of a five-year plan for the entire Commission.

The plaintiffs have moved for a preliminary injunction to prevent the use of the current nomination process; to restore the administrative authority of a particular member of the agency's staff; to require the Commissioner to meet monthly with the Committee; to prevent agency decisions without the Committee's participation; and to require disclosure of information to the Committee. The defendant opposes this motion and has filed a cross-motion to stay these proceedings until plaintiffs exhaust the administrative and arbitration remedies established by 20 U.S.C.A. §§ 107d–1(a), 107d–2 for resolution of claims against the Commission. These motions have been referred to the Magistrate and are now before the Court for consideration of his report and recommendation.

The Magistrate first recommends that the plaintiffs' motion for a preliminary injunction be denied since they have failed to satisfy the traditional prerequisites for such relief, *viz.,* a showing of a reasonable likelihood of success on the merits and irreparable harm which outweighs any harm defendants stand to suffer from the Court's intervention. *Garzaro v. University of Puerto Rico,* 575 F.2d 335, 338 (1st Cir. 1978). I adopt this recommendation, primarily on the ground that the affidavits submitted do not indicate that the plaintiffs stand to suffer harm of sufficient gravity or irreparability to justify disrupting the

activities of the state agency pending decision of this case on the merits.

The Magistrate also recommends that the defendant's motion for a stay of judicial proceedings pending exhaustion of administrative remedies be allowed. I adopt this recommendation as well; although I substantially agree with the reasons stated in the Magistrate's report, I shall briefly state the basis for my ruling.

The Randolph-Sheppard Act, as amended, 20 U.S.C.A. §§ 107 *et seq.,* provides for a two-step administrative grievance procedure for "[a]ny blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program . . . ." 20 U.S.C.A. § 107d–1(a). The first step entitles the disgruntled blind licensee to a fair hearing before the state licensing agency, in this case the Massachusetts Commission for the Blind. The Commonwealth of Massachusetts has promulgated regulations to implement this fair hearing requirement. 111 C.M.R. § 1.00 *et seq.* If the blind licensee is still dissatisfied with any decision rendered as a result of the fair hearing, he may then invoke the second step of the grievance procedure by filing a complaint with the Secretary of HEW. 20 U.S.C.A. § 107d–1(a). The Secretary shall then convene a three member arbitration panel pursuant to 20 U.S.C.A. § 107d–2, said panel to consist of one member designated by the state licensing agency, one member designated by the blind licensee, and a neutral member jointly designated by the other two members of the panel. 20 U.S.C.A. § 107d–2(b)(1). The decision of this panel is final, binding, and subject to judicial review pursuant to the Administrative Procedure Act. 20 U.S.C.A. § 107d–2(a).

The plaintiffs contend that this two-step administrative review procedure applies only to disputes between the state licensing agency and *individual* blind vendors, and that it does not encompass the present dispute between the state licensing agency and the Committee over infringement of the participatory right granted the Committee by 20 U.S.C.A. § 107b–1(3)(A). On this

basis, plaintiffs attempt to distinguish *Fillinger v. Cleveland Society for the Blind*, 587 F.2d 336 (6th Cir. 1978). In *Fillinger*, blind vendors sued the state's licensing agency under the Randolph-Sheppard Act and 42 U.S.C.A. § 1983, alleging numerous abuses in the local operation of the vending facilities program. The Sixth Circuit reversed the district court's dismissal of the action, but ordered a stay of further judicial proceedings on the ground that the statute required the vendors to exhaust the administrative and arbitration remedies before seeking judicial review. In reaching this conclusion, the court held that:

> "Congress' decision to provide administrative and arbitration remedies for aggrieved blind vendors clearly evidences a policy judgment that the federal courts should not be the tribunal of first resort for the resolution of such grievances. Rather congressional policy as reflected in the 1974 amendments is that blind vendors must exhaust their administrative and arbitration remedies before seeking review in the district courts." 587 F.2d at 338.

■ The conclusion reached by the Sixth Circuit in *Fillinger* is a sound one. Nor is *Fillinger* distinguishable from the instant case. Although it is true that the plaintiffs in *Fillinger* were individual blind vendors and the Committee of Blind Vendors was not included as a plaintiff, it is important to note that their claims were based on systemic abuses in the operation of the blind vendor program and not on individual grievances. So also the claims in the instant case are based on systemic abuses, that is, the alleged failure of the state agency to allow the Committee to exercise its statutorily mandated right to participate in major administrative decisions. 20 U.S.C.A. § 107b–1(3)(A). These systemic claims, as in *Fillinger*, are fairly encompassed by the broad language of 20 U.S.C.A. § 107d–1(a), allowing any blind vendor "dissatisfied with *any action* arising from the *operation or administration* of the vending facility program" to seek administrative review.

■ Plaintiffs place great weight on the fact that the administrative review statute speaks in terms of "any blind licensee" and does not specifically authorize the Committee itself to employ the review procedures. This could be taken as an indication that Congress intended the review procedures to encompass only individual grievances. I find, however, sufficient contrary indications to convince me that the Committee must first invoke the administrative and arbitration remedies before seeking judicial review. First, as noted above, the claims pressed by the Committee are fairly encompassed by the language of the review statute. Second, I am impressed by the obvious congressional preference that disputes under the Randolph-Sheppard Act be resolved through administrative rather than judicial proceedings. Finally, I note that the structure of the arbitration panel, consisting as it does of a one member each from the Commission and from the blind vendors in addition to a neutral member, is well suited to resolving the present dispute. Given the above factors, I hesitate to conclude from the mere failure to expressly mention the Committee in the review statute that Congress desired the Committee to pursue judicial remedies directly. The fact that the Massachusetts Elected Committee of Blind Vendors is joined with individual blind vendors as a plaintiff in this suit does not warrant deviating from the procedure established by Congress for challenging action by the state licensing agency. Therefore, these proceedings will be stayed until plaintiffs have an opportunity to exhaust their administrative remedies.

Order accordingly.