**Don HUDSON, et al., Plaintiffs,**

**v.**

**Stanley N. BOXER, et al., Defendants.**

**Civ. A. No. 86–K–754.**

United States District Court,
D. Colorado.

April 24, 1986.

James H. Chalat, Denver, Colo., for plaintiffs.

Wade Livingston, Asst. Atty. Gen., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiffs filed this action on April 18, 1986 and moved at that time for a Temporary Restraining Order. Because of the nature of the proceeding, the availability of defendants and their counsel and the opportunity to conduct a hearing before the date upon which it was alleged that irreparable injury would occur, I directed that notice be given and that the motion be treated as one for a preliminary injunction. At the hearing held on April 23, 1986 the parties, through counsel, agreed to this procedure. Additionally, on the hearing date, plaintiff's counsel filed an application for preliminary injunction which in effect duplicated the stipulated ruling. After listening to the sworn testimony of witnesses and the arguments of counsel and reviewing the exhibits admitted into evidence, I am ready to rule on the application.

This is the first case filed in this circuit calling for application of the Randolph-Sheppard Act, 20 U.S.C. § 107 *et seq.* with its 1974 amendments. There are very few cases outside of this circuit dealing with the statute as well. Given the exigencies inherent in a preliminary injunction proceeding and the paucity of available authority, I am reluctant, in fact diffident, to attempt to fill this lacuna in our jurisprudence. The Honorable Barrington D. Parker, United States District Judge for the District of Columbia has provided a very helpful description of the Act in his memorandum opinion in *Randolph-Sheppard Vendors of America v. Weinberger*, 602 F.Supp. 1007, 1009 (1985):

> The Randolph-Sheppard Act was first enacted in 1936, and amended in 1954 and 1974. The Act was designed to provide employment opportunities to licensed blind persons and to give preference to blind operators of vending stands on federal property. S.Rep. No. 937, 93d Cong., 2d Sess. 4 (1974) ('Senate Report'). Congress believed that

> > the property of the Federal government should be more fully and freely utilized in expanding the vending stand program for the blind, and that no department or agency should be permitted to refuse suitable stand locations to this blind program except where such stand would clearly conflict with the proper functioning of the department or agency.

> *Id.* at 7.

> This program is run under the auspices of state agencies for the blind, which are designated by the Secretary of Education. The state agencies bear a substantial responsibility for administering the blind vendor program. They seek permits for the establishment of vending facilities on federal property, 34 C.F.R. § 395.16, 395.35, and issue operating licenses to blind vendors. 20 U.S.C. § 107a(a)5; 34 C.F.R. § 395.7(b). These vending facilities include 'automatic vending machines, cafeterias, snack bars, cart services, shelters, counters and such other appropriate auxiliary equipment' for the sale of a wide variety of items, 20 U.S.C. § 107e(7), including 'newspapers, periodicals, confections, tobacco products, foods, beverages, and other articles or services dispensed automatically or manually.' *Id.* § 107a(a)(5).

The statute differs significantly from other acts of Congress which establish various programs. I will go so far as to say, without implying any criticism, that it is the most unusual statute of this genre that I have read. In 1974 Congress amended the Act to provide that an aggrieved blind vendor may request a "full evidentiary hearing" before the state agency which supervises the program and, if dissatisfied "may file a complaint with the Secretary [of Education] who shall convene a panel to arbitrate the dispute" in accordance with specific and detailed standards. Judicial

review of the arbitrators' decision is authorized to proceed under the provisions of the Administrative Procedure Act, 5 U.S.C. Ch. 7. As stated by the Sixth Circuit Court of Appeals in *Fillinger v. Cleveland Soc. for the Blind,* 587 F.2d 336, 338 (1978), Merritt, C.J.:

> Congress' decision to provide administrative and arbitration remedies for aggrieved blind vendors clearly evidences a policy judgment that the federal courts should not be the tribunal of first resort for the resolution of such grievances. Rather congressional policy as reflected in the 1974 amendments is that blind vendors must exhaust their administrative remedies before seeking review in the district courts.

I hasten to observe that in the instant proceeding the plaintiffs do not seek review in this court, but an injunction to prevent the defendants from proceeding in a manner which would deprive them of the review processes provided for by the statute.

Plaintiffs seek to enjoin defendants, their agents, the Business Enterprise Program, the State Licensing Agency, and any agent thereof from engaging in any aspect of the process of bidding for the operation of the Terminal Annex facility of the U.S. Postal Service in Denver, Colorado, as two separate vending locations. Additionally, plaintiffs seek a mandatory injunction ordering defendants to proceed with the administrative appellate process including plaintiffs' rights to a full evidentiary hearing and arbitration pursuant to the Randolph-Sheppard Act, 20 U.S.C. § 107 et seq.

The complaint alleges that plaintiffs are blind vendors licensed pursuant to the Randolph-Sheppard Act to operate vending stands in public buildings. They are dissatisfied with the Business Enterprise Program's (BEP) recent decision to split the U.S. Postal Service—Denver Terminal Annex into two separate vending locations. BEP is the state licensing agency for Colorado designated under the Act and required to implement the Act. Plaintiffs requested a full evidentiary hearing regarding BEP's decision. Their request was denied.

In 1981, the BEP contracted with the postal service to operate a vending facility at the annex under the Act. The operating permit was approved by the Department of Education. Since 1981, Harold Powell, a licensed blind vendor, has been operating a vending facility at the annex building. Recently, Powell gave notice that he was going to retire. On 27 February 1986, at a meeting of the Committee for Blind Persons, the BEP announced that it was considering splitting the annex into two vending locations. The Committee opposed this proposal. On 3 April 1986, defendant Boxer, manager of the BEP, notified the Committee that the annex would be split. Plaintiffs advised defendants of their intent to bid on the annex as a single location under the existing permit between the postal service and the BEP. This request was denied. Plaintiffs then requested administrative review and arbitration under the Act and Colorado Code of Regulations 9.206.1. This request was also denied.

Plaintiffs then brought this action seeking injunctive relief against defendants. According to plaintiffs, the state licensing agency intends to complete the bidding and selection process on or before 28 April 1986.

## STANDING

In *Mountain States Legal Foundation v. Board of County Commissioners,* 547 F.Supp. 121, 123 (D.Colo.1982), I stated:

> There are established burdens placed on a litigant who seeks a temporary restraining order or a preliminary injunction. First, such a plaintiff must establish that it has standing to seek the relief requested.

In the instant case, plaintiffs seek injunctive relief against an administrative agency and an order mandating that the agency grant a hearing on the issue. Plaintiffs seek review and relief under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. Under the APA, plaintiffs "must establish that the agency action caused [them] ... 'injury in fact' and that this

injury is 'arguably within the zone of interests to be protected or regulated' by the statute that ... plaintiff[s] claim[ ] the agency violated." *Rapid Transit Advocates, Inc. v. Southern California R.T.D.,* 752 F.2d 373, 378 (9th Cir.1985) (quoting *Association of Data Processing Organizations, Inc. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 829–30, 25 L.Ed.2d 184 (1970)).

The injury in fact in this case is asserted by plaintiffs to be the loss of substantial income which will be caused by the imminent splitting of the annex. This injury may well be within the zone of interests protected by the Randolph-Sheppard Act. That act was passed with the express purpose of "providing blind persons with remunerative employment, enlarging the economic opportunities of the blind, and stimulating the blind ... to make themselves self-supporting ... ." 20 U.S.C. § 107(a).

## OTHER REQUIREMENTS FOR PRELIMINARY INJUNCTION

Next, plaintiffs must demonstrate: (1) a substantial likelihood that [they] will eventually prevail on the merits; (2) that the threatened injury to [them] outweighs whatever damage the proposed injunction may cause to the opposing party; (3) that [they] will suffer irreparable injury unless the proposed injunction issues; and (4) that the injunction, if issued, would not be adverse to the public interest. *Otero Savings & Loan Assoc. v. Federal Reserve Bank,* 665 F.2d 275, 278 (10th Cir.1981); ....

*Mountain Medical Equipment v. Heathdyne, Inc.,* 582 F.Supp. 846, 848 (D.Colo. 1984).

Plaintiffs assert they should prevail on the merits because defendants have unlawfully denied them their right to a hearing. Under 20 U.S.C. § 107d–1(a):

Any blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program may submit to a state licensing agency a request for a full evidentiary hearing, which shall be provided by such agency in accordance with section 107b(6) of this title.

Section 107b(6) provides that the state licensing agency agrees

to provide to any blind licensee dissatisfied with any action arising from the operation or administration of the vending facility program an opportunity for a fair hearing, and to agree to submit the grievances of any blind licensee not otherwise resolved by such hearing to arbitration as provided in section 107d–1 of this title.

These statutes form the basis for plaintiffs' request for a mandatory injunction ordering defendants to give them a hearing.

Plaintiffs assert that the harm to them greatly outweighs any potential harm to defendants if the annex is operated under temporary permit as a single vending location until the administrative proceedings are concluded.

Irreparable injury allegedly will consist of the loss of substantial income, attorney fees, court costs, loss of the opportunity to conduct an administrative appeal and arbitration, and loss of meaningful judicial review.

Plaintiffs assert that the public interest would be served by a full and fair adjudication of the controversy before the annex is split.

Finally, plaintiffs contend that they have no legal remedy which would adequately protect their interests since the BEP has denied their requests for a hearing.

Defendants contend that the decision to split the Terminal Annex into two separate vending locations is a definite determination which they will not change. They assert that the decision does not affect plaintiffs' status as operators and hence plaintiffs are not entitled to a hearing or appeal. My reading of the Act and the admittedly limited review of the Congressional history and case decisions does not permit me to agree with defendants. The scope of the Act and the clear intent of the 1974 amendment do not suggest such a highly restrictive view. These plaintiffs have standing. They are in imminent danger of losing valuable opportunities to bid.

More importantly, the statute gives these plaintiffs procedural rights, the exercise of which is clearly precluded by the defendants' conduct. 20 U.S.C. § 107d–1(a) gives standing to any blind licensee who is dissatisfied with any action arising from the operation or administration of the program; such standing is not limited to actions affecting their status as operators.

I find that plaintiffs interest greatly outweighs any possible harm to defendants; that the threatened injury would be irreparable; that the public interest will best be served by strict adherence to the manifest intent of Congress and that no remedy at law exists which would preclude the issuance of an injunction. Accordingly,

IT IS ORDERED that defendants, each of them, their agents, employees or anyone acting for or on their behalf or under their direction are hereby restrained and enjoined from letting or accepting bids or awarding bids pertaining to the Terminal Annex locations one and two until the plaintiffs have exhausted the remedies afforded to them by law or until plaintiffs and each of them voluntarily discontinue the exercise of their rights to administrative hearings and review, whichever event occurs first.

This memorandum opinion and order shall not be construed in any manner as giving or attempting to give any indication that this court has any view or opinion at all on whether the Terminal Annex location should or should not be split into two locations.

This injunction shall become effective immediately upon the plaintiffs posting a bond in the amount of $100.00 with the Clerk of the Court.