87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nap Sup SHIM, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70615.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided June 18, 1996.
 
 1
 Before: GOODWIN, HAWKINS, Circuit Judges, and WARE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Nap Sup Shim ("Petitioner"), a native and citizen of Korea, appeals the modified decision of the Board of Immigration Appeals (the "BIA") finding that, pursuant to Section 245 of the Immigration and Nationality Act ("Act"), as amended, 8 U.S.C. § 1255, he is ineligible for an adjustment of status because on the date of filing the application for adjustment of status he was in unlawful immigration status.
 
 
 4
 On September 19, 1983, Petitioner entered the United States as a nonimmigrant visitor for a temporary period not to exceed one year. While in the United States, Petitioner has pursued studies in theology and has attained the degree of Doctor of Philosophy (Theology).
 
 
 5
 On May 15, 1984, Petitioner filed an application for adjustment of status (Application for Status as Permanent Resident) seeking adjustment of his status to that of a special immigrant minister under section 101(a)(27(C) of the Act, 8 U.S.C. § 1101(a)(27)(C) (1984). At the time that Petitioner filed his adjustment application, he was in an unlawful immigration status.[1] On February 22, 1985, the INS district director denied Petitioner's application for adjustment of status on the basis that Petitioner did not meet the requirement of establishing that he was an immigrant who continuously for at least 2 years immediately preceding the time of his application for admission to the United States had been carrying on his vocation as a religious minister.
 
 
 6
 Petitioner's deportation hearing began on August 16, 1989. At the hearing, Petitioner renewed his application for adjustment of status. At the conclusion of the hearing, the Immigration Judge orally denied Petitioner's application for adjustment of status as a special immigrant minister. The Immigration Judge found that the Petitioner was not barred from seeking an adjustment of status under section 245 of the Act even though section 245(c) had been amended to provide that adjustment of status is not available to non-exempt aliens who are in unlawful immigration status on the date of filing the application for adjustment status. The Immigration Judge reasoned that under the rationale of Matter of Laskie, 17 I & N Dec. 445 (BIA 1980), the Petitioner's application for adjustment was a continuing application if it was based on the same facts as before the district director and, therefore, the Immigration Judge had to determine the Petitioner's eligibility for relief based on the laws and facts as they existed at the time that Petitioner's application was filed. However, the Immigration Judge found that Petitioner had not established that he had been carrying on his vocation as a minister continuously for a period of 2 years immediately preceding his application for admission into the United States. Petitioner appealed the Immigration Judge's decision to the BIA.
 
 
 7
 On August 30, 1994, the BIA issued a decision in which it modified the Immigration Judge's decision and dismissed Petitioner's appeal. The BIA found that section 245 of the Act provides that an alien who is in unlawful immigration status as of the date of filing the application for adjustment of status is not eligible for adjustment of status. Since Petitioner was in unlawful status when he filed his application with the district director on May 15, 1984, he was ineligible for an adjustment of status. The BIA granted Petitioner 30 days in which to depart voluntarily from the United States. Petitioner timely filed this appeal on September 30, 1994.
 
 
 8
 The BIA properly found that Petitioner is subject to the amendment of section 245 of the Act. The enactment provision for the amendment states: "[t]he amendment ... shall apply to adjustments occurring on or after the date of the enactment of this Act [Nov. 10, 1986]." Petitioner's adjustment, or denial thereof, occurred after November 1986. Therefore the amendment applied, even though his application may have predated the amendment.
 
 
 9
 Nor is there a constitutional problem with applying the amendment retroactively here. As the BIA noted, "[w]hen a law is changed before a decision is handed down by an administrative agency, the agency must apply the new law." Ziffrin v. United States, 318 U.S. 73 (1943). See also Urbinia-Mauricio v. INS, 989 F.2d 1085, 1088 n. 4 (9th Cir.1993). In deportation proceedings, a final administrative decision does not exist until the Board renders its decision in the case on appeal or certification, or, where no appeal to the BIA is taken, when the right to appeal is waived or the time allotted for appeal has expired. See Matter of Lok, 18 I & N Dec. 101 (BIA 1981).
 
 
 10
 Since Petitioner was in unlawful immigration status at the time that his application was filed with the district director in May of 1984, the amendment to section 245 of the Act clearly applied and Petitioner was ineligible to receive an adjustment in his status.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Petitioner's visa expired 6 months after his entry into the United States. Petitioner did not request or receive an extension of his visa, nor has he contested the IJ's finding of deportability on the charge of remaining in the United States for a longer time period than permitted