92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Georgia L. MIDDENDORF, an individual, Plaintiff-Appellant,
v.
UNITED STATES GENERAL SERVICES ADMINISTRATION, a Department
of the United States Government; Paul Gallegos,
in his official capacity, Defendants-Appellees.
 No. 96-35077.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 1
 Appeal from the United States District Court for the Western District of Washington, No. CV 95-1891-TSZ; Thomas S. Zilly, District Judge, Presiding.
 
 
 2
 W.D.Wash.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: HUG, Chief Judge, SCHROEDER and TASHIMA, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 This appeal from the denial of an application for a temporary restraining order ("TRO") comes to us for review under Ninth Circuit Rule 3-3. We agree with the parties' contention that the denial of the TRO was tantamount to the denial of a preliminary injunction; therefore, we have jurisdiction under 28 U.S.C. § 1292(a)(1). See Religious Technology Ctr. v. Scott, 869 F.2d 1306, 1308-09 (9th Cir.1989).
 
 
 7
 This court will reverse a preliminary injunction only where the district court based its decision on an erroneous legal standard or on clearly erroneous findings of fact. See MAI Systems Corp. v. Peank Computer, Inc., 991 F.2d 511, 516 (9th Cir.1993), cert. dismissed, 114 S.Ct. 671 (1994).
 
 
 8
 Appellant raises two main arguments: (1) the appellees unjustly pressured the state licensing agency to revoke appellant's permit to operate a snack bar in the Social Security Administration Teleservice Center in Auburn, Washington; and (2) blind vendors should be permitted to assert a private right of action directly against a federal agency under the Randolph-Sheppard Act.
 
 
 9
 "[W]here a statute creates a right and provides a special remedy, that remedy is exclusive." United States v. Babcock, 250 U.S. 328, 331 (1919) (Brandeis, J.) (citations omitted). Under the Randolph-Sheppard Act, it is the state licensing agency, not the federal agency, that designates the specific vendor to operate in a federal facility and creates the contractual relationship with the vendor. 20 U.S.C. §§ 107a(b), 107b. A vendor who is dissatisfied with any action arising from the administration of the vending facility must first request a hearing by the state licensing agency before filing a complaint with the Secretary of Education. 20 U.S.C. § 107d-1(a); Randolph-Sheppard Vendors of America v. Weinberger, 795 F.2d 90, 102-03 (D.C.Cir.1986). Judicial review of a vendor's claim may only occur after the decision of an arbitration panel convened by the Secretary. 20 U.S.C. § 107d-2(a); see also Fillinger v. Cleveland Soc'y for the Blind, 587 F.2d 336, 338 (6th Cir.1978) ("[B]lind vendors must exhaust their administrative and arbitration remedies before seeking review in the district courts.").
 
 
 10
 Accordingly, to permit a direct, private right of action by a vendor against the federal agency would wholly frustrate the Randolph-Sheppard Act's dual procedure of administrative and arbitration remedies for resolving disputes. See Randolph-Sheppard Vendors of America, 795 F.2d at 103-04; Fillinger, 587 F.2d at 338. Appellant has not exhausted the remedies provided in the statute. Therefore, the court will not consider the issue of whether appellees fairly or unfairly pressured the state licensing agency to revoke appellant's permit.
 
 
 11
 The district court's order denying the application for the TRO is
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3