MATTER OF C——O——

In DEPORTATION Proceedings

A-8946123

*Decided by Board November 25, 1959*

Petty offense—Section 4, Act of September 3, 1954—Benefits not available where punishment actually imposed was imprisonment for less than six months if maximum sentence provided by State statute exceeds one year.

(1) A crime committed in the United States for which State or local statute provides a maximum sentence exceeding one year cannot be classified as a "petty offense" within the definition of 18 U.S.C. 1(3).

(2) An alien convicted under a Texas statute of theft under $50 punishable by a maximum sentence of two years' imprisonment is not eligible for the benefits of section 4 of the Act of September 3, 1954, notwithstanding that punishment actually imposed was two months in jail and State law characterizes offense as a misdemeanor.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Convicted of crime involving moral turpitude, to wit: theft.

**BEFORE THE BOARD**

**Discussion:** The examining officer appeals from an order entered by the special inquiry officer June 18, 1959, terminating the proceedings under an order to show cause served upon the alien on May 11, 1959. Exceptions are directed to the finding that the respondent is not deportable as an alien convicted of a crime involving moral turpitude prior to entry (section 241(a)(1), Immigration and Nationality Act; 8 U.S.C. 1251(a)(1)).

The respondent, a native and citizen of Mexico, male, married, 21 years of age, last entered the United States as a returning resident alien through the port of El Paso, Texas, on May 2, 1959. He was admitted for permanent residence at the same port on May 1, 1956. A certified copy of an information, judgment and sentence entered as exhibit 2 establishes that the respondent was convicted in the County Court at El Paso, Texas, on February 18, 1959, for the offense of theft under $50. He was sentenced, upon a plea of guilty, to imprisonment in the county jail for a term of two months.

The respondent is deportable as an alien excludable by the law

488

existing at the time of his last entry, to wit, an alien convicted of a crime involving moral turpitude, theft under $50 (section 212 (a)(9), Immigration and Nationality Act; 8 U.S.C. 1182(a)(9)), unless the offense for which he was convicted is a misdemeanor classifiable as a petty offense pursuant to section 4 of the Act of September 3, 1954 (section 212(a), Immigration and Nationality Act: 8 U.S.C. 1182a).[1] The special inquiry officer concludes that the respondent has been convicted of an offense designated a misdemeanor by the Texas statute [2] and classifiable as a "petty offense" under the provisions of section 1(3) of Title 18, United States Code,[3] by reason of the punishment *actually imposed*, to wit, two months in the county jail. The special inquiry officer is of the opinion that the "punishment actually imposed" governs the classification of a petty offense and not the fact that the Texas statute provides for a maximum jail sentence of "not exceeding two years."

The examining officer, on the other hand, maintains that since the respondent was subject to imprisonment for as much as two years upon conviction under the Texas statute, *supra*, this fact removes him from the possibility of being classified a petty offender under 18 U.S.C. 1(3), because that classification is open only to those who can qualify under 18 U.S.C. 1 (1) and 1 (2). He reasons that notwithstanding the designation of "misdemeanor" by the Texas statute, an offense punishable by "imprisonment for a term exceeding one year" is a felony and not a misdemeanor according to paragraphs (1) and (2) of section 1 of Title 18, United States Code. The examining officer relies on precedent decisions by this Board wherein we have stated: "The test of a 'petty offense' under the Act of September 3, 1954 (P. L. 770, 83d Cong.) is that the *statutory* penalty must not exceed one year and that the actual punish-

---

[1] Section 4 of the Act of September 3, 1954, reads as follows:

*Sec. 4.* Any alien who is excludable because of the conviction of a misdemeanor classifiable as a petty offense under the provisions of section 1(3) of Title 18, United States Code, by reason of the punishment actually imposed, or who is excludable as one who admits the commission of such misdemeanor, may hereafter be granted a visa and admitted to the United States, if otherwise admissible: *Provided,* That the alien has committed only one such offense.

[2] Vernon's Penal Code of Texas, Article 1422, *Punishment for misdemeanor, theft.*

Theft of property under the value of $50 and over the value of $5.00 shall be punished by imprisonment in jail not exceeding two years, and by fine not exceeding $500, or by such imprisonment without fine * * *.

[3] 18 U.S.C. 1 (62 Stat. 683) reads as follows:

*Offenses classified.* Notwithstanding any Act of Congress to the contrary: (1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony. (2) Any other offense is a misdemeanor. (3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense.

ment meted out by the court shall not be more than six months' imprisonment" (*Matter of H——*, 6 I. & N. Dec. 614 (B.I.A., May 20, 1955); cf., *Matter of H——*, 6 I. & N. Dec. 738 (B.I.A., Sept. 30, 1955)).

The question before us may be stated: What law controls, State or Federal, in reaching a determination of whether an offense committed in the United States is a misdemeanor within the meaning of section 4 of the Act of September 3, 1954? We were confronted with a somewhat similar issue in *Matter of T——*, 6 I. & N. Dec. 508 (B.I.A., May 6, 1955), reversed by the Attorney General July 19, 1955. *Matter of T——*, *supra*, was concerned with a conviction under section 386 of the Canadian Criminal Code for the theft of $32.60. A suspended sentence was the penalty "actually imposed." Section 386, however, provides for a punishment of not more than seven years' imprisonment for thefts other than those specifically provided for elsewhere in the Canadian Criminal Code.

We held in *Matter of T——*, *supra*, that where the offense was committed in a foreign jurisdiction, the governing factor in determining whether the offense is a felony or a misdemeanor is the punishment prescribed for the crime by the laws of the foreign country using the standard set forth in 18 U.S.C. 1 (*supra*[3]). The Attorney General, in reversing the Board's decision, stated: "Although ambiguity in the language used in section 4 (Act of September 3, 1954, *supra*[1]) leaves uncertain whether classification of the single offense as a misdemeanor, and therefore a petty offense under 18 U.S.C. 1(3), is to be according to the laws of the foreign jurisdiction or the law of the United States, *there is ample evidence that the sponsors intended that United States standards be applied* and that the offense be examined in the light of a similar offense 'if committed in the United States'." (Emphasis supplied.)

The offense here under consideration was "committed in the United States" as distinguished from a foreign jurisdiction. Notwithstanding this fact the question to be decided poses a problem similar to that decided by the Attorney General in *Matter of T——*, *supra*. Paraphrasing the language used by the Attorney General in th[e] *T——* case, we are of the opinion that "Although ambiguity in th[e] language used in section 4 leaves uncertain whether classificatio[n] of the single offense as a misdemeanor, and therefore a petty o[f]fense under 18 U.S.C. 1(3), is to be according to the laws of th[e] (local) jurisdiction or the (Federal) law * * *, *there is ample ev[i]dence that the sponsors intended that* (the) standards (set forth [in] 18 U.S.C. 1(1) and 1(2)) be applied and that the offense be exa[m]ined in the light of (Title 18, U.S.C., which classifies offenses a[s] draws a very clear line between a felony, a misdemeanor, and [a] minor offense)."

490

We agree with the special inquiry officer that the Act of September 3, 1954, is "remedial legislation" and that such legislation should be "liberally construed." However, the Attorney General said in *Matter of T——, supra,* that "where the meaning (of a law) is obscure * * * The statement of the draftsman of proposed legislation as to his understanding of its nature and effect has been accepted in the courts as indicative of the legislative intent * * *."[4] (*Matter of T——, supra,* at p. 517.)

Representative Francis E. Walter of Pennsylvania, when introducing his amendment to the Act of September 3, 1954 (*supra* [1]), informed the House of Representatives as follows:

The purpose of my amendment is to modify, or rather clarify, the purport of paragraph (9), subsection (a) of section 212 of the Immigration and Nationality Act, so as to bring it in conformity with section 1 of Title 18, United States Code * * *. In other words, I want to make certain that section 212 (a)(9) of the Immigration and Nationality Act will be administered in accordance with *American legal standards as set out in Title 18 of United States Code,* which classifies offenses and draws a very clear line between a felony, a misdemeanor, and a minor offense.[5] (Emphasis supplied.)

Senator McCarran's remark before the United States Senate was of the same tenor. He said:

The purpose of the amendment is to exempt from certain exclusion clauses an alien who is excludable solely because of the commission of a misdemeanor—an offense not punishable by imprisonment for 1 year or more—and for whom the penalty actually imposed was imprisonment not to exceed 6 months or a fine not to exceed $500 or both. * * * the construction placed on the amendment by the author, Representative Walter, is in complete accord with my own construction.[6]

We conclude that the respondent cannot qualify as a petty offender under 18 U.S.C. 1(3) for the reason that it is clear from the legislative intent of the sponsors that the classification of a petty offense under that section is limited by 18 U.S.C. 1(1) and 1(2) to persons convicted for offenses which are misdemeanors punishable by imprisonment which does not exceed one year. Accordingly, in cases where the offense is committed in the United States and the maximum statutory penalty exceeds one year the alien cannot qualify as "petty offender" under the Act of September 3, 1954 (*supra* [1]), regardless of the fact that the "penalty imposed" in the particular case does not exceed imprisonment for a period of six months or a fine of not more than $500, or both.

---

[4] Citing *United States v. Coca-Cola Co.,* 241 U.S. 265, 281–283; see *United States v. Whyel,* 28 F.2d 30 (C.C.A. 3), and cases cited; see also Sutherland, *Statutory Construction,* 3d ed., vol. 2, section 5009.

[5] Congressional Record, 83d Congress, August 20, 1954, volume 100, part 12, p. 15491.

[6] Congressional Record, 83d Congress, August 20, 1954, volume 100, part 12, p. 15388.

The appeal of the examining officer will be sustained. An appropriate order will be entered.

**Order:** The order entered by the special inquiry officer on June 18, 1959, terminating the proceedings is hereby withdrawn. The appeal of the examining officer dated July 27, 1959, is hereby sustained.

*It is further ordered* that the respondent be deported from the United States in the manner provided by law on the charge contained in the order to show cause.