MATTER OF GEORGE AND LOPEZ-ALVAREZ

In Deportation Proceedings

A-12341368
A-13916420

*Decided by Board December 16, 1965*

Applications for adjustment of status pursuant to section 245, Immigration and Nationality Act, as amended, filed by natives of British Guiana and Honduras, respectively, prior to, and which were pending on, December 1, 1965, the effective date of the amendment of section 245 by section 13 of Public Law 89-236, which precludes such adjustment in the case of any alien who is a native of any country of the Western Hemisphere or of any adjacent island named in section 101(b)(5), must be determined under the new provisions of the statute and, therefore, must be denied.

CHARGES:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of status—student (first respondent).

Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer (second respondent).

The cases come forward pursuant to certification of the decisions in these cases dated December 1, 1965 granting adjustment of status to that of the lawful permanent residents under section 245 of the Immigration and Nationality Act.

The first respondent, Dennis George, is a native of British Guiana, a subject of the United Kingdom and Colonies, 23 years old, male, who last entered the United States on January 27, 1964 and was admitted temporarily as a student until January 27, 1965. He had previously entered the United States on August 29, 1961 also as a student but failed to attend school and was placed under deportation proceedings. On August 1, 1963 he was found deportable under the provisions of section 241(a)(9) of the Immigration and Nationality Act, was granted the privilege of voluntary departure and exercised that privilege by leaving this country in December of 1963. His next and last entry was as indicated previously. Subsequent to his

419

last entry the respondent was gainfully employed without permission of the Service. On April 8, 1964 a special inquiry officer found him subject to deportation on the charge stated in the order to show cause and granted him the privilege of voluntary departure with the further order that if he failed to depart he be deported to British Guiana on the charge contained in the order to show cause. The respondent on April 17, 1965 married a United States citizen. A motion to reopen the proceedings to consider an application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, was filed on October 27, 1965, and was granted on November 8, 1965 by the special inquiry officer.

The second respondent, Julian Lopez-Alvarez, a native and citizen of Spanish Honduras, 32 years old, male, last entered the United States as a visitor for pleasure authorized to remain in the United States until June 12, 1965. He remained in the United States after June 12, 1965 without authority. Deportability under section 241(a)(2) of the Immigration and Nationality Act was conceded. Insofar as it can be ascertained from the sparse record of hearing before us, a previous application for discretionary relief was denied. At the hearing held December 1, 1965 it appears that the respondent renewed his application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act and that he is now married to a citizen of the United States who is pregnant.

On October 3, 1965, section 245 of the Immigration and Nationality Act was amended by Public Law 89-236, effective December 1, 1965. Previously, section 245 had allowed adjustment of status in the case of an alien who was a native of a country of the Western Hemisphere, except contiguous territory or adjacent islands. Section 13 of the Act of October 3, 1965 amended section 245 (8 U.S.C. 1255) in pertinent part to read as follows:

(c) The provisions of this section shall not be applicable to any alien who is a native of any country of the Western Hemisphere or of any adjacent island in section 101(b)(5).

The issue in these cases is whether an applicant for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, upon an application which was filed before the cut-off date of December 1, 1965, is now precluded from adjustment of status because of the fact that he is a native of a country of the Western Hemisphere. For the purpose of this discussion we will assume that a motion to reopen for adjustment of status, filed prior to December 1, 1965, is equivalent to an application for adjustment of status which was pending on December 1, 1965.

House Report No. 745 (89th Cong., 1st Sess.) dated August 6, 1965 to acompany H.R. 2580 sets forth on page 22 that section 245 of the Immigration and Nationality Act, relating to adjustment of aliens in the United States, "is amended to prohibit the adjustment of status of natives of the Western Hemisphere now referred to as 'special immigrants.' The Immigration and Naturalization Service has been faced with a recurring problem in cases of natives of Central and South America who come to the United States as nonimmigrant visitors and promptly seek permanent residence under section 245." In the Committee Print (89th Cong., 1st Sess.) setting forth a Summary of Public Law 89–236 it was stated on page 5 that "under the old law only natives of contiguous territory were precluded from adjustment of status while physically present in the United States. This adjustment section of the Immigration and Nationality Act (section 245) has been amended to make natives of any country of the Western Hemisphere ineligible for adjustment of status in the United States." It is noted that this legislative history indicates that the Immigration and Naturalization Service had brought to the attention of Congress the vexatious problem arising in cases of Western Hemisphere natives, coming to the United States as nonimmigrant visitors and promptly seeking permanent residence under section 245 of the Immigration and Nationality Act inasmuch, as natives of the Western Hemisphere, they were previously held to be nonquota immigrants and an immigration visa was immediately available.

The case of *Foti v. Immigration and Naturalization Service* involved an alien who last entered the United States as a seaman in 1950, deportation proceedings were commenced in 1959 and an application for suspension of deportation under section 244(a)(5) (8 U.S.C. 1254(a)(5)) was denied. The first *Foti* case, 308 F.2d 779 (2d Cir., 1962), involved a jurisdictional issue of whether judicial review of ancillary matters of discretion could be reviewed in the Circuit Court pursuant to section 106(a) of the Immigration and Nationality Act. This issue was decided in the affirmative by the Supreme Court in *Foti v. Immigration and Naturalization Service*, 375 U.S. 217 (1963). The Supreme Court in note 4 took notice of the amendment of section 244 of the Act by Public Law 87–885 on October 24, 1962 which amended section 244 in pertinent part by adding the following phrase: "(f) no provision of this section shall be applicable to an alien who entered the United States as a crewman." The Supreme Court observed that although petitioner concededly entered the United States as a crewman and the Government had indicated that when the merits of the case were reached, it

would argue that petitioner is now absolutely ineligible for the relief sought because of the 1962 amendment to section 244, the point was debatable and passed on to a consideration of the threshold question of jurisdiction under section 106 of the Act.

The second *Foti* case, 332 F.2d 445 (2d Cir., May 26, 1964), observed that in the interim since the case was originally before it Congress had amended the applicable statute, 8 U.S.C. (Supp. IV, 1959–1962), section 1254, to provide that discretionary suspension of deportation is unavailable to aliens who, like the petitioner, entered the United States as crewmen (8 U.S.C. 1254(f)(1)). The court stated there can be no doubt that the new provision of the statute is applicable to the petitioner and that he is now ineligible for suspension of deportation, citing *Fassilis* v. *Esperdy*, 301 F.2d 429 (2d Cir., 1962).

The special inquiry officer attempted to distinguish the *Fassilis* case, which involved an alien crewman who sought adjustment of status under section 245 of the Immigration and Nationality Act on the ground that the disqualifying clause was contained in the first part of section 245 which reads, "The status of an alien, other than an alien crewman"; whereas the disqualifying section of the amendatory Act of October 3, 1965 appears in subparagraph (c) which provides that "The provisions of this section [245] shall not be applicable to any alien who is a native of any country of the Western Hemisphere or of any adjacent island named in section 101(b)(5)." It is believed that this is a distinction without a difference. It is noted that subparagraph (f) of section 244 is almost identical in language with the amended subsection (c) of section 245 as amended by the Act of October 3, 1965. The court in the second *Foti* case had no difficulty in finding that the new provision of the statute was applicable to the crewman petitioner and that he was ineligible for suspension of deportation, relying upon *Fassilis* v. *Esperdy* for its authority.

The case was stated more succinctly in *Patsis* v. *Immigration and Naturalization Service*, 337 F.2d 733 (8th Cir., 1964), cert. den. 380 U.S. 952, reh. den. 381 U.S. 92. There the Court of Appeals for the Eighth Circuit stated that if a statutory provision as to administrative discretion is changed between the hearing and the decision, the agency must apply the new law. Specifically, if the Attorney General's discretionary power to adjust the status of an alien crewman is taken away after the application has been filed but before final administrative decision, the application must be denied; and that it has been so held with respect to a crewman's application for adjustment of status under section 245(a) and the amendment of July 14,

422

1960 (*Fassilis* v. *Esperdy*), and with respect to section 244(f) when that statute's amendment took place after the crewman's application for discretionary relief and even after its eventual review by a Court of Appeals (*Foti* v. *Immigration and Naturalization Service*) but before its reconsideration by the Appellate Court after reversal by the Supreme Court (*Foti* v. *Immigration and Naturalization Service*, 332 F.2d 424). Commenting on section 405(a) of the 1952 Act, the savings clause, the court stated at page 739 that the savings clause implies its nonapplication to amendments in the future; and in the absence of a comparable savings clause in the 1962 Act, and based upon the reasoning in *Fassilis* and the second *Foti* case, the court was persuaded as to its nonapplicability.

The special inquiry officer takes the curious approach that the decisions of the Court of Appeals in *Fassilis* and *Foti*, in the same Second Circuit, are not binding precedents upon him. It is, of course, axiomatic that decisions in the Circuit Court are binding in that circuit.

With regard to the question of estoppel, no case for estoppel has been developed. As was held by the court in the *Fassilis* case in the concluding paragraph, it has not been shown that there were any substantial delays on the part of the administrative agency which operated to deprive the applicants of any right to which any of them was entitled.

We conclude that as a matter of law, these applications for discretionary relief under section 245 of the Immigration and Nationality Act which have been filed before the amendment of October 3, 1965 which specifically takes away the Attorney General's discretionary power to adjust the status of a native of a Western Hemisphere country before final administrative decision, must be denied. We recognize that there are favorable factors in the cases and the Service has interposed no objection. We also understand that there are hundreds and perhaps thousands of pending cases. It is suggested that proper remedial action should be sought in Congress. The applications will be denied.

ORDER: It is ordered that the applications for adjustment of status pursuant to section 245 of the Immigration and Nationality Act as amended by the Act of October 3, 1965 be and the same are hereby denied.