## MATTER OF ACOSTA

### In Deportation Proceedings

#### A-10731904

*Decided by Board April 19, 1973*

Conviction of the offense of making a false statement in the acquisition of a firearm from a licensed dealer in violation of 18 U.S.C. 922(a)(6) is conviction of a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of two crimes involving moral turpitude, to wit: (1) transporting a forged and altered security in foreign commerce and (2) making a false statement in the acquisition of a firearm from a licensed dealer.

ON BEHALF OF RESPONDENT: Joseph J. Rey, Esquire
453 Magoffin Avenue
El Paso, Texas
(Brief filed)

The special inquiry officer, in an order dated October 16, 1972, found the respondent deportable as charged and ineligible for any discretionary relief. The respondent appeals from that order. The appeal will be dismissed.

The respondent is a 37-year-old married male, a native and citizen of Mexico, who entered the United States on February 12, 1960 as an alien lawfully admitted for permanent residence. He was charged with deportability under the second portion of section 241(a)(4) of the Immigration and Nationality Act. That section makes deportable any alien who "at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." The file contains the record of two convictions.

The first, on October 29, 1970, was for transportation of a forged and altered security in foreign commerce in violation of the third paragraph of 18 U.S.C. 2314. We find that this offense involved moral turpitude. See *Matter of Fernandez*, Interim Decision No. 2123 (BIA, 1972), also dealing with 18 U.S.C. 2314 (transportation in interstate commerce of forged securities).

The second conviction occurred on February 10, 1972 and was for the offense of making a false statement in the acquisition of a firearm from a licensed dealer in violation of 18 U.S.C. 922(a)(6). That section makes it a crime for any person "... knowingly to make any false or fictitious statement ... intended or likely to deceive such ... dealer ... with respect to any fact material to the lawfulness of the sale. ..." The respondent was convicted because he did not mention his first conviction, which would have disqualified him as a firearms buyer under 18 U.S.C. 922(d)(1).

Moral turpitude is present in connection with the respondent's second conviction because fraud and materiality are essential elements of the crime. See *Fiswick* v. *United States*, 329 U.S. 211 (1946) (concealing membership in Nazi Party under Alien Registration Act of 1940); *U.S. ex rel. Popoff* v. *Reimer*, 79 F.2d 513 (C.A. 2, 1935) (knowingly submitting false information in an application for naturalization); *Matter of B—*, 7 I. & N. Dec. 342 (BIA, 1956) (wilfully and knowingly making false statements in an application for a passport).

The special inquiry officer was correct, then, in finding that the respondent had been convicted of two crimes involving moral turpitude. There is no contention that these crimes arose out of a common scheme of criminal misconduct. We, therefore, affirm the special inquiry officer's finding of deportability under section 241(a)(4) of the Act. The appeal will be dismissed and the following order will be entered.

**ORDER:** The appeal is dismissed.