MATTER OF SQUIRES

In Deportation Proceedings

A-22712143

*Decided by Board October 23, 1980*

(1) Unlawfully obtaining by a false pretence $450.00 in Canadian currency with intent to defraud in violation of section 304(1a) of the Criminal Code of Canada is a crime involving moral turpitude.

(2) False pretence under section 319(1) of the Criminal Code of Canada is a representation of a matter of fact either present or past, made by words or otherwise, that is known by the person who makes it to be false and that is made with a fraudulent intent to induce the person to whom it is made to act upon it.

(3) A crime committed under section 304 of the Criminal Code of Canada cannot be considered a petty offense where the value of what is obtained exceeds $50.00 and punishment can be a term of imprisonment for ten years.

(4) A conviction for intent to defraud has, as a general rule, been held to involve moral turpitude.

CHARGE:
Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable—convicted of a crime involving moral turpitude; false pretences

ON BEHALF OF RESPONDENT: Harry Kobel, Esquire
Rosin & Kobel
2156 City National Bank Building
Detroit, Michigan 48226

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated October 30, 1979, an immigration judge found the respondent deportable under section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(1), as an alien excludable at the time of entry for having been convicted of a crime involving moral turpitude under section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9) and denied voluntary departure. The respondent has appealed. The appeal will be dismissed as to the issue of deportability and granted as to voluntary departure.

The respondent is a 50-year-old divorced male alien, a native and citizen of Canada who, according to the allegations contained in the

Order to Show Cause, entered the United States on June 14, 1979, as a nonimmigrant visitor for pleasure authorized to remain until June 17, 1979.[1] He had been employed in the business of public relations in Canada but conceded that presently he is not employed in Canada. The respondent further testified that he is presently engaged in making a business known as "Emily Across the Street" a success and without him the business would have failed. The respondent contends that he fell in love with the owner of the business that was not doing well and decided to give up his business in Canada and concentrate on making "Emily Across the Street" successful. He concedes that he was engaging in his usual business of public relations for the past year without any monetary return, but did so out of love.[2]

The Order to Show Cause issued the respondent on July 10, 1979, charges that he is excludable under the provisions of section 212(a)(9) of the Act for having committed a crime involving moral turpitude prior to entry which was not a petty offense.

The respondent admitted and evidence was submitted to show that he was convicted on August 11, 1970 in the Provincial Court of Canada (Criminal Division) of the crime of unlawfully obtaining by a false pretence $450.00 in Canadian currency from Victoria and Grey Trust Co. Ltd. with intent to defraud in violation of section 304(1a) of the Criminal Code of Canada. The sentence was suspended and the respondent was given probation for six months.

On appeal, the respondent through counsel contends that because of the sentence imposed, his conviction is a petty offense and that he should be granted voluntary departure as a matter of discretion.

The questions presented is whether the respondent's conviction for unlawfully obtaining $450.00 by a false pretence is a crime involving moral turpitude and whether this crime is classifiable as a petty offense. False pretence under section 319(1) of the Criminal Code of Canada is defined as follows: A false pretence is a representation of a matter of fact either present or past, made by words or otherwise, that is known by the person who makes it to be false and that is made with a fraudulent intent to induce the person to whom it is made to act upon it.

The immigration judge found that the respondent's conviction was for a crime involving moral turpitude. Section 304 of the Canadian statute provides:

(1) Everyone commits an offense who (a) by a false pretence, whether directly or

---

[1] The respondent testified that he could not remember the exact date of his entry and how long he was authorized to stay but it was between June 14 and July 10, 1979.

[2] The respondent testified that he had an agreement with the owner of "Emily Across the Street" but he did not give the details of the agreement.

through the medium of a contract obtained by a false pretence, obtains anything in respect of which the offense of theft may be committed or causes it to be delivered to another person; ...

(2) Everyone who commits an offense under paragraph (a) of subsection (1) is guilty of an indictable offense and is liable. to imprisonment for ten years ... where the value of what is obtained exceeds $50.00 ....

When this crime is measured by United States standards, it cannot be considered a misdemeanor and therefore cannot be considered a petty offense. Section 1 of Title 18, United States Code provides: (1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony. Further, a conviction for intent to defraud has, as a general rule, been held to involve moral turpitude. *See U.S. ex. rel. Portada* v. *Day*, 16 F.2d 328 (S.D.N.Y. 1926); *Matter of P—*, 3 I&N Dec. 56 (C.O. 1947; BIA 1948); *Matter of C—O—*, 8 I&N Dec. 488 (BIA 1959). The immigration judge concluded that the respondent had been convicted of a crime involving moral turpitude not classifiable as a petty offense and that his deportability had been established by clear, convincing, and unequivocal evidence.

The respondent's application for voluntary departure was denied as a matter of administrative discretion by the immigration judge. The immigration judge found that a nonimmigrant visitor has no authorization to work in the United States even if no money is paid. The immigration judge further found that the immigration laws themselves are undermined when aliens without permission engage in their professional occupation for an extended period of time and thereafter defeat the intent of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14) by claiming that they have refrained from competing with United States labor. The immigration judge concluded that the respondent's engagement in his public relations business by preventing the business of his "girl friend" from failing and by assisting in all aspects of the running of the store was engaging in employment without complying with the normal visa requirements.

We agree with the finding of the immigration judge that the respondent's convictions under section 304(a) of the Criminal Code of Canada is a crime involving moral turpitude and is not classified as a petty offense. We conclude that the respondent's deportability under sections 241(a)(1) of the Act as an alien who at the time of entry was excludable as one who was convicted of a crime involving moral turpitude under section 212(a)(9) of the Act has been established by clear, convincing, and unequivocal evidence.

In our review of the record, we do not find that the respondent's conviction or his unauthorized employment is so unfavorable as to preclude him from the benefit of voluntary departure. Therefore, the decision of the immigration judge denying the respondent the privilege

of voluntary departure is reversed.

ORDER: The appeal is dismissed as to the finding of deportability and sustained as to voluntary departure.

FURTHER ORDER: The outstanding order of deportation is withdrawn, and in lieu of an order of deportation the respondent is allowed to depart voluntarily, without expense to the Government, within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director and under such conditions as he may direct. In the event of the respondent's failure to so depart, the order of deportation will be reinstated and executed.