# MATTER OF ALARCON

## In Deportation Proceedings

### A-27588330

### *Decided by Board July 13, 1992*

(1) A respondent who has been convicted of two crimes involving moral turpitude not arising from a single scheme of criminal misconduct is inadmissible into the United States under section 212(a) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a) (Supp. II 1990), and is thus ineligible for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (Supp. II 1990), unless he is eligible for and should be granted a waiver of inadmissibility under section 212(h) of the Act.

(2) At the time the respondent filed his application for a section 212(h) waiver, section 601(d)(4) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5076-77 (effective June 1, 1991), required the passage of 15 years from the date of the deportable offense before an alien could be eligible for a waiver; therefore, the respondent's offenses, committed within the 15 years prior to his application, statutorily barred him from qualifying for a section 212(h) waiver.

(3) The amendments made to section 212(h) of the Act during the pendency of the respondent's appeal to the Board of Immigration Appeals by section 307(f) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733 (enacted Dec. 12,.1991) ("1991 Amendments"), are applicable to his application for a waiver of inadmissibility under section 212(h).

(4) The version of section 212(h) of the Act under the 1991 Amendments created two categories of immigrants eligible for relief; therefore, although the respondent is barred from establishing eligibility as a result of his convictions within the past 15 years, he may be eligible for a waiver if he establishes that he has the requisite relationship to a United States citizen or lawful permanent resident and that his exclusion would result in extreme hardship to that family member.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1)(B) [8 U.S.C. § 1251(a)(1)(B)]—In the United States in violation of law

Sec. 241(a)(2)(A)(ii) [8 U.S.C. § 1251(a)(2)(A)(ii)]—Crimes involving moral turpitude

ON BEHALF OF RESPONDENT:　　　　ON BEHALF OF SERVICE:
Pro se　　　　　　　　　　　　　　Elena Kusky
　　　　　　　　　　　　　　　　　General Attorney

BY:　Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In an oral decision dated July 5, 1991, an immigration judge found the respondent deportable as charged and statutorily ineligible to apply for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (Supp. II 1990), and for a corresponding waiver of inadmissibility under section 212(h) of the Act, 8 U.S.C. § 1182(h) (Supp. II 1990), and ordered him deported from the United States to Bolivia. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the immigration judge.

The respondent, a native and citizen of Bolivia, entered the United States as a nonimmigrant visitor on an unknown date in January 1981. He was authorized to remain in the United States for a period not to exceed 1 year, but he never departed. On April 10, 1991, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221) charging the respondent with deportability under section 241(a)(1)(B) of the Act, 8 U.S.C. § 1251(a)(1)(B) (Supp. II 1990), for remaining longer than permitted, and under section 241(a)(2)(A)(ii) of the Act, as an alien convicted of two or more crimes involving moral turpitude not arising from a single scheme of criminal misconduct.

The deportation proceedings against the respondent commenced on April 16, 1991, and concluded on July 5, 1991. During the hearing on April 16, 1991, the respondent was present and represented by counsel. The proceedings were continued on several occasions.[1] On June 13, 1991, the respondent appeared with a new attorney. The respondent conceded deportability as charged under section 241(a)(1)(B) of the Act, as an alien who remained longer than permitted by his nonimmigrant visa.[2] He denied the charge of deportability under section 241(a)(2)(A)(ii) of the Act, as an alien convicted of two crimes involving moral turpitude not arising from a single scheme of criminal misconduct. However, at the continued hearing on July 5, 1991, the Service entered into evidence, without objection by the respondent, certified conviction records indicating that on July 14, 1980, the respondent was convicted in the Municipal Court of Los Angeles, State of California, of the crime of petty theft in

---

[1] The proceedings were continued to May 7, 8, and 24, 1991, because the parties were not prepared to go forward. On May 24, 1991, the respondent appeared without counsel, advising the immigration judge that he was displeased with his attorney's services and wished to hire new counsel.

[2] At the hearing on May 8, 1991, the respondent testified that he entered the United States in January 1980. At the continued hearing on June 13, 1991, the respondent conceded deportability as charged for having entered the country in January 1981. We find that the discrepancy in the year of entry does not affect the respondent's concession of deportability.

violation of section 484 of the California Penal Code. The record also shows that the respondent was convicted on June 22, 1987, in the United States District Court for the Central District of California, of mail fraud in violation of 18 U.S.C. § 1341 (1982), and of receipt of kickbacks on government contracts in violation of 41 U.S.C. §§ 51 and 54 (1982). This Board finds that the respondent's deportability under sections 241(a)(1)(B) and (2)(A)(ii) of the Act has been established by clear, unequivocal, and convincing evidence, as required by *Woodby v. INS*, 385 U.S. 276 (1966), and 8 C.F.R. § 242.14(a) (1992).

At the hearing on July 5, 1991, the respondent claimed that he is married to a United States citizen and has United States citizen children. He sought to apply for adjustment of status under section 245 of the Act, and for a corresponding waiver of inadmissibility under section 212(h) of the Act. However, the immigration judge found that based on the recent amendment to section 212(h) of the Act by the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (enacted Nov. 29, 1990) ("1990 Act"), the respondent was statutorily ineligible to apply for such relief. The only issue on appeal is whether the immigration judge properly found the respondent statutorily ineligible to apply for adjustment of status and the section 212(h) waiver.

Section 245 of the Act provides that the Attorney General may in his discretion adjust the status of an alien inspected and admitted or paroled into the United States to that of an alien lawfully admitted for permanent residence if the alien applies for adjustment, is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and has an immigrant visa immediately available to him. An alien subject to deportation proceedings may also apply for adjustment of status before the immigration judge and, if inadmissible under section 212(a) of the Act, may also apply for a waiver of the ground of inadmissibility. *See* 8 C.F.R. § 242.17(a) (1992).

An alien who is inadmissible under section 212(a) of the Act on the basis of his conviction for a crime or crimes involving moral turpitude may seek a waiver of inadmissibility under section 212(h) of the Act. In the case before us, the respondent was convicted in a California court on July 14, 1980, of petty theft in violation of section 484 of the California Penal Code, as well as mail fraud and receipt of kickbacks on government contracts in violation of 18 U.S.C. § 1341 and 41 U.S.C. §§ 51 and 54, respectively. The respondent does not challenge on appeal the immigration judge's finding that the crimes of which he was convicted involve moral turpitude. *See Jordan v. De George*, 341 U.S. 223 (1951); *Matter of Squires*, 17 I&N Dec. 561 (BIA 1980);

*Matter of Flores*, 17 I&N Dec. 225 (BIA 1980); *Matter of Acosta*, 14 I&N Dec. 338 (BIA 1973); *Matter of L-*, 5 I&N Dec. 705 (BIA 1954). As an alien convicted of two crimes involving moral turpitude, the respondent is inadmissible into the United States under section 212(a) of the Act, and he is therefore ineligible for adjustment of status unless he is eligible for and should be granted a waiver of inadmissibility under section 212(h).

In light of recent amendments to section 212(h) of the Act, the timing of the deportation proceedings in the instant case is significant. At the July 5, 1991, hearing, the respondent sought to apply for adjustment of status and a waiver of inadmissibility under section 212(h) of the Act. He conceded that he was ineligible for a waiver pursuant to the amendment to section 212(h) by the Immigration Act of 1990, which became effective on June 1, 1991.[3] The amended provision of section 212(h) required the passage of 15 years from the date of the deportable offense before an alien could be eligible for a waiver. The respondent admitted that his offenses, committed on June 7, 1980, and on or about June 22, 1987, were within 15 years from the date of his waiver application. Nonetheless, he contended that his waiver application should be adjudicated under the law in effect prior to June 1, 1991, the effective date of the 1990 amendment to section

---

[3] Section 212(h) of the Act, as amended by section 601(d)(4) of the Immigration Act of 1990, 104 Stat. at 5076-77 (effective June 1, 1991), provides as follows:

The Attorney General may, in his discretion, waive the application of subparagraphs (A)(i)(I), (B), (D), and (E) of subsection (a)(2) and subparagraph (A)(i)(II) of such subsection insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or alien lawfully admitted for permanent residence if–

(1) it is established to the satisfaction of the Attorney General that–

(A) the alien is excludable only under subparagraph (D)(i) or (D)(ii) of such subsection or the activities for which the alien is excludable occurred more than 15 years before the date of the alien's application for a visa, entry, or adjustment of status, *and*

(B) the admission to the United States of such alien would not be contrary to the national welfare, safety, or security of the United States, *and*

(C) the alien has been rehabilitated; *and*

(2) the Attorney General, in his discretion, and pursuant to such terms, conditions and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status.

No waiver shall be provided under this subsection in the case of an alien who has been convicted of (or who has admitted committing acts that constitute) murder or criminal acts involving torture. (Emphasis added.)

212(h). The respondent argued: (1) that the application should be decided based on the law in effect at the time of the issuance of the Order to Show Cause, i.e., on April 10, 1991; (2) that his prior attorney's incompetence in failing to file the application prior to June 1, 1991, should not prejudice him in his request for relief under the preexisting law; and (3) that the recent amendment to section 212(h) of the Act is likely to be amended further by Congress.

The immigration judge found that the respondent was bound by the actions of his prior counsel, and that he must show his eligibility for the relief sought at the time of the filing of his applications. The immigration judge further found that the respondent intended to file his waiver and adjustment of status applications on July 5, 1991, and that he must show statutory eligibility based on the law in effect at that time. The immigration judge concluded that under the recent amendment to section 212(h) by the 1990 Act, the respondent's two convictions within 15 years of his application rendered him statutorily ineligible for such relief. *See* section 212(h)(1)(A) of the Act, 8 U.S.C. § 1182(h)(1)(A) (Supp. II 1990).

As the immigration judge noted, section 212(h) of the Act was significantly amended by the Immigration Act of 1990. At the time the immigration judge rendered his decision on July 5, 1991, he correctly found that the respondent was statutorily ineligible for a waiver under section 212(h). However, during the pendency of the appeal, and as anticipated by the respondent during the deportation hearing, Congress subsequently amended section 212(h) by the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733 (enacted Dec. 12, 1991) ("1991 Amendments"). As amended by section 601(d)(4) of the 1990 Act, 104 Stat. at 5076-77, and section 307(f) of the 1991 Amendments, 105 Stat. at 1755, section 212(h) now provides:

> The Attorney General may, in his discretion, waive the application of subparagraphs (A)(i)(I), (B), (D), and (E) of subsection (a)(2) and subparagraph (A)(i)(II) of such subsection insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana if-
>
> (1)(A) in the case of any immigrant it is established to the satisfaction of the Attorney General that-
>
> (i) the alien is excludable only under subparagraph (D)(i) or (D)(ii) of such subsection or the activities for which the alien is excludable occurred more than 15 years before the date of the alien's application for a visa, entry, or adjustment of status,
>
> (ii) the admission to the United States of such alien would not be contrary to the national welfare, safety, or security of the United States, and
>
> (iii) the alien has been rehabilitated; *or*

561

(B) in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's exclusion would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien; and

(2) the Attorney General, in his discretion, and pursuant to such terms, conditions and procedures as he may by regulations prescribe, has consented to the alien's applying or reapplying for a visa, for admission to the United States, or adjustment of status.

No waiver shall be provided under this subsection in the case of an alien who has been convicted of (or who has admitted committing acts that constitute) murder or criminal acts involving torture. (Emphasis added.)

As he is seeking to adjust his status to that of a lawful permanent resident, the respondent in this case is assimilated to the position of an applicant for entry into the United States. *Pei-Chi Tien v. INS*, 638 F.2d 1324 (5th Cir. 1981); *Yui Sing Tse v. INS*, 596 F.2d 831 (9th Cir. 1979); *Matter of Hernandez-Puente*, 20 I&N Dec. 335 (BIA 1991). For this reason, at the time of the Board's decision the respondent remains an individual seeking to enter the United States, and, as such, falls within the provisions of the most recent version of section 212(h) under the 1991 Amendments.

An application for admission to the United States is a continuing application, and admissibility is determined on the basis of the facts and the law at the time the application is finally considered. *Matter of Ching and Chen*, 19 I&N Dec. 203 (BIA 1984); *Matter of Kazemi*, 19 I&N Dec. 49 (BIA 1984); *Matter of Ketema*, 18 I&N Dec. 266 (BIA 1982), *rev'd on other grounds, Matter of Kazemi, supra; Matter of K-*, 9 I&N Dec. 143 (S.I.O., BIA 1959; A.G. 1961), *aff'd sub nom. Klapholz v. Esperdy*, 201 F. Supp. 294 (S.D.N.Y. 1961), *aff'd per curiam*, 302 F.2d 928 (2d Cir.), *cert. denied*, 371 U.S. 891 (1962). When a law is changed before a decision is handed down by an administrative agency, the agency must apply the new law. *See Ziffrin v. United States*, 318 U.S. 73 (1943). If a statutory amendment renders an individual ineligible for adjustment of status prior to a final administrative decision on the previously filed application for relief, the application must be denied. *Talanoa v. INS*, 397 F.2d 196 (9th Cir. 1968); *Patsis v. INS*, 337 F.2d 733 (8th Cir. 1964), *cert. denied*, 380 U.S. 952 (1965); *Fassilis v. Esperdy*, 301 F.2d 429 (2d Cir. 1962); *Matter of George and Lopez-Alvarez*, 11 I&N Dec. 419 (BIA 1965). In deportation proceedings, a final administrative decision does not exist until the Board renders its decision in the case on appeal or certification, or, where no appeal to the Board is taken, when the right to appeal is waived, or the time allotted for appeal has expired. *See Matter of Lok*, 18 I&N Dec. 101 (BIA 1981), *aff'd on other grounds*, 681 F.2d 107 (2d Cir. 1982).

The version of section 212(h) under the 1991 Amendments

essentially creates two categories of immigrants eligible for relief. The first category includes any immigrant who meets eligibility criteria which largely concern the type of exclusion ground involved or when the excludable activity occurred, as well as issues of the alien's rehabilitation and the national welfare, safety, or security of the United States. Section 212(h)(1)(A) of the Act, 8 U.S.C.A. § 1182(h)(1)(A) (West Supp. 1992). The second category includes immigrants who demonstrate the requisite relationship to a United States citizen or lawful permanent resident and establish that their exclusion would result in extreme hardship to that citizen or lawful permanent resident. Section 212(h)(1)(B) of the Act. In the instant case, the respondent is allegedly married to a United States citizen and has United States citizen children. As such, he may demonstrate eligibility under section 212(h)(1)(B) by establishing extreme hardship to his United States citizen wife or children if he were excluded.[4]

As a result of the amendment to section 212(h) of the Act by the 1991 Amendments, the Board finds that the respondent appears to be eligible to apply for adjustment of status and a corresponding waiver under section 212(h) of the Act. Accordingly, we will sustain the appeal and remand the case to the immigration judge to accept the respondent's applications for adjustment of status and a section 212(h) waiver and to enter a new decision.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the immigration judge to accept the applications for adjustment of status and a waiver under section 212(h) of the Act and to enter a new decision in accordance with the foregoing opinion.

---

[4]The two offenses for which the respondent is subject to exclusion occurred less than 15 years ago. Therefore, he is ineligible for a waiver of inadmissibility under section 212(h)(1)(A) of the Act.