**Raquel DOMINGUEZ–BATISTA, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 07–0113–ag.**

United States Court of Appeals, Second Circuit.

Jan. 7, 2008.

Jose L. DelCastillo, Hartford, CT, for Petitioner.

Stacy Paddack (Carol Federighi and M. Jocelyn Lopez Wright on the brief), Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Raquel Dominguez–Batista seeks review of a December 14, 2006 decision of the BIA, affirming an immigration judge's ("IJ") denial of her application for adjustment of status on the ground that she was likely to become a public charge. *In the Matter of Raquel Dominguez–Batista,* No. A74 169 484, 2006 WL 3922211 (BIA December 14, 2006). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Dominguez–Batista, a native and citizen of the Dominican Republic, entered the U.S. on or about July 14, 1996. Her husband filed a petition for an immigrant visa (Form I–130) on her behalf in 2001, which was approved on June 17, 2002. She then filed an application for adjustment of status (Form I–485) to become a lawful permanent resident in 2002, based on her approved I–130 petition. In connection with this application, she obtained affidavits of support (Forms I–864) from her husband and another gentlemen, and filed a contract between herself and her sponsoring spouse (Form I–864A), which allowed him to rely on her income to meet the minimum income requirements.

On appeal to the BIA, Dominguez–Batista argued (i) that an I–864 form does not expire, so the IJ erred by requiring an updated I–864 form; and (ii) that newly enacted regulations exempt petitioners who have qualified for forty quarters of Social Security coverage from filing a I–864 form. With respect to the first argument, the BIA concluded that it was not improper for the IJ to require petitioner's husband to file a new I–864 form, because (1) his original I–864 form did not meet the income requirements, and (2) nothing in the interim rule suggested that the IJ lacked the authority to impose such a requirement. Thus, even though, as the government concedes, the form does not expire, the form she submitted from her husband, standing on its own, was insufficient. As for the second argument, the BIA concluded that the newly enacted regulations did not apply to Dominguez–Batista's case and that the interim regulations, which it determined to be the governing regulations, offered no such exemption.

The Immigration and Nationality Act ("INA") renders inadmissible "any alien who ... is likely at any time to become a public charge." 8 U.S.C. § 1182(a)(4)(A). The interim rule implementing this statutory provision provided that "all family-sponsored immigrants, including immediate relatives, are inadmissible unless the petitioner has executed an affidavit of support." 8 C.F.R. § 213a.2(b)(1) (1998). The BIA affirmed the IJ's finding that Dominguez–Batista was inadmissible because she had not filed an adequate affidavit of support (Form I–864). However, after Dominguez–Batista's hearing with the IJ, but before the BIA rendered its decision, a set of new implementing regulations were enacted. The new regulations make it clear that an intending immigrant need not have a sponsor who files an affidavit of support if the immigrant can show that she has qualified for 40 quarters of coverage under the Social Security Act. *See* 8 C.F.R. § 213a.2(a)(2)(ii)(C). In conjunction with this new rule, the new regulations created a new form, termed a I–864W, which an immigrant who claims exemption from filing an affidavit of support must submit in support of her application. The new regulations became effective on July 21, 2006. *See* 71 Fed.Reg. 35,732, 35,745 (June 21, 2006). In her appeal to the BIA, written on July 27, 2006, the petitioner argued that the new regulations should govern and she requested a remand to the IJ to adjudicate her exemption.

In its decision dated December 14, 2006, the BIA concluded that the new

regulations did not govern, because the IJ rendered its decision on June 10, 2005, and the new rule only applied to adjudications on or after July 21, 2006. The government concedes that this was error. *See In re Alarcon,* 20 I. & N. Dec. 557, 562 (BIA 1992) (holding that "[a]n application for admission to the United States is a continuing application, and admissibility is determined on the basis of the facts and the law at the time the application is finally considered" and that "[i]n deportation proceedings, a final administrative decision does not exist until the Board renders its decision in the case on appeal."). The BIA also noted that, even if the regulations were to apply, "it would appear that Batista would need to file this I–864W form in order to be exempt from the I–864 requirement," but Dominguez–Batista did not file a I–864W exemption form with her appeal. The BIA thus implied, but did not directly state, that her failure to submit a completed I–864W form with her *appeal* would be fatal, even if the new regulations were to apply. We find this argument is without merit. The petitioner's appeal to the BIA explicitly asserted her right to file the I–864W exemption form and sought a remand to adjudicate the issue. The regulation requires that the I–864W form be submitted with the original application; it does not require that the form be submitted in conjunction with an appeal to the BIA. She could not have submitted the I–864W form at the time of her original application, because the form did not exist at that time. Moreover, there would be no reason to submit the form with her appeal, because the BIA could not adjudicate the issue on appeal given that an adjudication of the claimed I–864W exemption would require further fact-finding relating to whether she had qualified for forty quarters of coverage. *Cf. Fen Yong Chen v. BCIS,* 470 F.3d 509, 513 (2d Cir.2006) ("For all appeals filed after September 25, 2002, the BIA is no longer permitted to

engage in de novo review of an IJ's factual findings."). Finally, the BIA erred by denying the appeal on the ground that the petitioner failed to submit a form that did not exist at the time of the original hearings, without first giving her notice of its intention to deny her petition on this ground and giving her an opportunity to respond. *Cf. Burger v. Gonzales,* 498 F.3d 131, 135 (2d Cir.2007) ("the BIA erred by failing to give [the petitioner] advance notice of its intention to consider this extra-record fact [of a country conditions report] ... [and] in depriving [petitioner] of the opportunity to rebut this fact's significance before issuing its decision").

■ Petitioner has not briefed particularly well the issue of how applying the correct regulations would have affected her case and in some circumstances we might deem the argument that she was entitled to file the I–864W exemption form waived. *See, e.g., Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). Our waiver doctrine originates from the Federal Rules of Appellate Procedure, *see Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998), which require the petitioner's brief contain a clear statement of facts, a summary of the argument, and an argument with citation to pertinent legal authority. Fed. R.App. P. 28(a). However, Rule 2 permits us to "suspend any provision of these rules in a particular case" upon finding "good cause." Here, petitioner has consistently maintained before this Court and the BIA that the new regulations should have governed consideration of her application. Both parties agree that the BIA committed legal error by applying the incorrect regulations to petitioner's appeal below, and both parties have acknowledged the significant changes in the new regulations—changes that present the possible consequence that petitioner may be eligible for relief as a result. In

such circumstances, we think good cause exists to consider the issue, even assuming that waiver occurred.

The BIA did not reach, nor could it have reached, the issue of whether she was exempt from filing an affidavit of support on the ground that she qualified for forty quarters of Social Security coverage. The matter is thus remanded for further fact-finding regarding her claim that she has qualified for forty quarters of Social Security coverage. If she has achieved forty consecutive quarters of Social Security coverage by the time the BIA renders its final decision in this matter, she will qualify for the exemption. *See In re Alarcon,* 20 I. & N. Dec. at 562 ("[A]dmissibility is determined on the basis of the *facts* and the law at the time the application is finally considered") (emphasis added).

In conjunction with her husband's I–864 form, Dominguez–Batista and her husband filed a joint I–864A form ("Contract Between Sponsor and Household Member"), which allowed her husband to rely on her income to meet the minimum income requirements. That she could rely on her own income, in conjunction with this form, was not clear at the time of her original hearing. But the final rule "*clarifies* that the sponsor may rely on the intending immigrant's income if the intending immigrant is ... the sponsor's spouse ... and can show by a preponderance of the evidence that the intending immigrant's income will continue, after acquisition of permanent residence, from the same source." 71 Fed.Reg. 35,737 (June 21, 2006) (emphasis added); *see* 8 C.F.R. 213a.2(c)(2)(i)(C)(1) ("The sponsor may also rely on the income of the sponsor's spouse ... if the spouse ... is at least 18 years old and has completed and signed a Form I–864A."). On remand, pursuant to this final rule, the IJ may seek new evidence from Dominguez–Batista *regarding* her current ability to support herself ei-

ther in connection with the submission of an I–864W form or in connection with the joint I–864A submission she has already made. *See* 71 Fed.Reg. 35,732, 35,737 (June 21, 2006) ("In any case in which the intending immigrant is requested to submit additional evidence, the additional evidence must relate to the current year, not to the year of the filing of the immigrant visa or adjustment application. The sufficiency of the Form I–864 will then be adjudicated based on the additional evidence."); 8 C.F.R. § 213a.2(v)(B).

If Dominguez–Batista chooses to rely on her husband as a sponsor, his income may also be considered along with her own in determining whether she will be a public charge. The IJ should, in these circumstances, follow the procedures outlined in 8 C.F.R. § 213a.2(a)(1)(v)(B), which include the discretion to request, as the IJ properly did in the earlier proceedings, an updated affidavit of support and other relevant documents in light of the fact that Dominguez–Batista's husband remains incarcerated. It should be noted, however, that the regulations nowhere provide that a recent tax form submitted as *new evidence* must be certified. *Compare* 8 C.F.R. § 213a.2(c)(i)(A) (providing that the "initial evidence" included with the *original* I–864 form must include "a photocopy or an Internal Revenue Service-issued transcript of ... [a] complete Federal income tax return ... [and] copies of all schedules filed with each return[,] ... all Forms W–2 ... and [all] Forms 1099") *with* 8 C.F.R. § 213a.2(v)(B) (providing that "if additional evidence is required under this paragraph, an intending immigrant must submit additional evidence (including copies or transcripts of any income tax returns for the most recent tax year) concerning the income or employment of the sponsor ... or household member in the year in which the ... immigration judge makes the request for additional evidence"); *see also* 8

C.F.R. § 213a.2(c)(i)(C)(4). So long as Dominguez–Batista can demonstrate, in conjunction with her I–864A form, her ability to meet the minimum income requirements and that her income will continue, the new regulations make clear that she is not likely to be a public charge within the meaning of the relevant INA provision.

For the foregoing reasons, the case is remanded for proceedings not inconsistent with this opinion.