NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIAN WANG, | No. 22-1407 |
| Petitioner, | Agency No. A206-536-881 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge SANCHEZ.

Jian Wang, a native and citizen of the People's Republic of China,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

dismissing his appeal from an Immigration Judge's (IJ) decision denying his

application for asylum, withholding of removal, and protection under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252, and we deny the petition.

1.      The agency did not err by failing to apply intervening law because long-standing Ninth Circuit precedent, *Guo v. Ashcroft*, 361 F.3d 1194 (9th Cir. 2004), provided the basis for Wang's past persecution claim, and *Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018) (*Guo II*), simply applied existing law to similar facts.

2.      We agree with Wang that the BIA erred in its conclusion that Wang waived his claim regarding past persecution by failing to seek review of the agency's earlier determination regarding past persecution in this court. Wang could not have petitioned for review in this court because we only have jurisdiction to review final orders of removal, 8 U.S.C. § 1252(a)(1), and the BIA's remand order was not such an order. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020) (explaining what constitutes a final order of removal). The alternative ground for waiver, however, is valid. The agency properly concluded that Wang waived review of his claim regarding past persecution because he did not present it to the IJ but instead raised it for the first time in his brief on appeal to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam).

3.      Wang argues that a presumption of future persecution applies because he suffered past persecution. *See* 8 C.F.R. § 1208.13(b)(1) (asylum); 8 C.F.R. § 1208.16(b)(1) (withholding of removal). Because Wang waived his challenge to the agency's determination that he did not suffer past persecution

and because he does not otherwise meaningfully challenge the agency's determination that he did not demonstrate either a well-founded fear, or clear probability, of future persecution, we conclude that substantial evidence supports the denial of asylum and withholding of removal. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004).

4.    We deny Wang's petition as to his CAT claim because he failed to raise any challenge to the agency's denial of CAT protection in his opening brief. *See id.*

**PETITION DENIED.**

*Wang v. Garland*, No. 22-1407

SANCHEZ, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority's denial of Wang's petition for relief under the Convention Against Torture (CAT), but I respectfully dissent from the denial of his petition for asylum and withholding of removal. Because the Board of Immigration Appeals (BIA) was required to consider an intervening change of law that bore directly on his claims, I would grant the petition and remand for the Board to reconsider his asylum and withholding claims in light of *Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018) (*Guo II*).

"It is settled that when the law is changed before a decision is handed down by an administrative agency, the agency must apply the new law." *Ortiz v. INS*, 179 F.3d 1148, 1156 (9th Cir. 1999); *Matter of Alarcon*, 20 I&N Dec. 557, 562 (BIA 1992). "Otherwise the administrative body would issue orders contrary to the existing [law]." *Ziffrin, Inc. v. United States*, 318 U.S. 73, 78 (1943). The Board initially affirmed the Immigration Judge's (IJ) finding that Wang had not established past persecution, noting it was "a close case," and remanded for the IJ to consider whether Wang had established a well-founded fear of future persecution or eligibility for CAT relief. Months later, this Court held in *Guo II*—a case involving similar circumstances of ongoing religious persecution in China—that the evidence compelled a finding of past persecution. *Guo II*, 897 F.3d at 1216–1217. Although the IJ and Board were both aware of our decision in

1

*Guo II*, the agency declined to consider this intervening legal precedent before issuing a final order of removal in this case.

As the majority concludes, the BIA erred in finding waiver on the basis that Wang had not previously petitioned this Court for review of the agency's past persecution finding. The BIA's remand order was not a final order of removal that is subject to review by this Court. 8 U.S.C. § 1252(a)(1); s*ee Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020).

The Board also declined to consider the applicability of *Guo II* because Wang's counsel had not raised it before the IJ. While the Board "has the authority to prescribe procedural rules that govern the proceedings before it, and procedural default rules are consistent with this authority," *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019), the Board here did not cite to any procedural rule or decision that would bar Wang from asking the Board to consider an intervening change in law for the first time on appeal. Nor has the Government cited any authority that would relieve the agency of its obligation to "apply the law existing at the time of its review." *Ortiz*, 179 F.3d at 1156.

The majority concludes that *Guo II* was not an intervening change in law, but rather applied existing law from our prior decision in *Guo v. Ashcroft*, 361 F.3d 1194 (9th Cir. 2004) (*Guo I*), to similar facts. I disagree. In *Guo II*, this Court held that record evidence of a petitioner who is beaten in detention and is

subsequently "forbidden from attending church and required to report to the police weekly" compels a finding of past persecution. *Guo II*, 897 F.3d at 1216–17. We explained that it was not the "beating alone" that amounted to past persecution, but also release conditions that subjected the petitioner to ongoing government monitoring and threats that prevented him from practicing his religion. *Id.* at 1215–16. In *Guo I*, our finding of past persecution was not based on claims that local police were actively restraining a petitioner's religious practice after release from detention. *See Guo I*, 361 F.3d at 1203. But that was central to our holding in *Guo II*, and is central to Wang's claim of past persecution.

Accordingly, I would grant Wang's petition as to his application for asylum and withholding of removal and remand for the agency to consider these claims in light of our intervening authority in *Guo II*.

3